W. L. Wood v. St. Louis Southwestern Railway Company
of Texas.

Decided January 4, 1908.

**Personal Injuries—Assumed Risk—Knowledge of Danger.**

In a suit for damages for personal injuries received while unloading lumber from a car onto a wagon, alleged to have been caused by the negligence of the defendant in failing to furnish plaintiff a safe place at which to unload said lumber, it appearing from the petition that the situation was well known and perfectly obvious to plaintiff and that the car and wagon were both standing still when the accident occurred, a demurrer to the petition on the ground that it appeared therefrom that plaintiff assumed the risk, was properly sustained by the trial court. Justice Speer, dissenting.

Appeal from the District Court of Tarrant County. Tried below before Hon. Mike E. Smith.

*O. S. Lattimore* and *Browning & Smith*, for appellant.—The trial court erred in sustaining defendant's demurrers to plaintiff's petition. Anson v. Gulf, C. & S. F. Ry. Co., 94 S. W. Rep., 94; City of Houston v. Owen, 67 S. W., 788; Cowans v. Fort Worth & Denver City Ry. Co., 89 S. W., 1116; 7 Am. & Eng. Ency. Law, pp. 3292-3-4; Texas & N. O. Ry. Co. v. Carr, 42 S. W. Rep., 126; Gulf, C. & S. F. Ry. Co. v. Gascamp, 69 Texas, 545; Gulf, C. & S. F. Ry. Co. v. Grisom, 36 Texas Civ. App., 630; Missouri Pac. Ry. Co. v. Bridges, 74 Texas, 520; Missouri Pac. Ry. Co. v. Lee, 70 Texas, 503; Gulf, C. & S. F. Ry. Co. v. Montgomery, 85 Texas, 64; Taylor, Bastrop & Houston Ry. Co. v. Warner, 88 Texas, 642; Dallas & Greenville Ry. Co. v. Able, 72 Texas, 150; San Antonio & A. P. Ry. Co. v. Belt, 24 Texas Civ. App., 281.

*Spoonts, Thompson & Barwise*, for appellee.—Admitting all the facts in plaintiff's petition to be true, the said petition shows no cause of action. Sanders v. Texas M. Ry., 11 Texas Ct. Rep., 664; Citizens Ry. v. Gossett, 37 Texas Civ. App., 603; Texas & P. Ry. Co. v. Bigham, 90 Texas, 223; Tucker v. National Loan Co., 35 Texas Civ. App., 474.

STEPHENS, Associate Justice.—Plaintiff in error, while engaged in loading a wagon with lumber from one of the cars of defendant in error in its yards in Fort Worth, sustained personal injuries for which he sought to recover damages, charging defendant in error with negligence in not furnishing him a better place to load his wagon. The petition discloses that an excavation three or four feet wide, about twelve inches deep and about one hundred feet long had been made parallel with the railway track and near the ends of the cross-ties, and that in making this excavation the dirt to a depth of about twelve inches had been piled up adjacent to the excavation, the effect of which was to prevent a wagon from being placed as near the car as usual for loading the same and to throw it in an uneven position, to which the negligence is ascribed. It is further alleged that the yardmaster of the railway company prom-

ised the plaintiff in error, who was fully aware of the objectionable situation, that he would soon place the same in better condition, inviting him to go ahead and use it as it was, which plaintiff in error did. The railway company was engaged in improving its yards and to that end the excavation had been made. In attempting to load his wagon plaintiff in error alleges that he was standing on the wagon and the car, "unloading and handling the said lumber from the said car to said wagon," and that "owing to the said wagon being so far from said car and in an uneven position and condition caused by said condition of said track, excavation and ground adjacent thereto, the plaintiff lost his footing and was suddenly and violently thrown from his footing and against side of said car, and the piece of lumber then and there in the plaintiff's hands was thereby thrown and caused to fall on and against plaintiff's person, and plaintiff was then and there and thereby seriously and permanently injured."

The court sustained a demurrer to the petition, and, the plaintiff declining to amend, dismissed the suit, and from that judgment this appeal is prosecuted.

It seems quite clear to at least a majority of us that the plaintiff had no case and that it was properly disposed of by demurrer. The situation was well known and perfectly obvious to plaintiff and the car and wagon were both standing still when, in the effort to transfer the lumber from the car to the wagon, he seems to have lost his balance and tumbled off. Evidently a little care on his part would have prevented this, although it is alleged that he was not guilty of negligence. The injury was due either to accident or negligence on the part of the person injured. It would lead to interminable litigation for the courts to seriously entertain a claim for damages under such circumstances. The judgment is therefore affirmed.

*Affirmed.*

SPEER, ASSOCIATE JUSTICE, *Dissenting.*—It is rarely the case that a court is justified in taking from the jury the question of fact whether or not a person, either plaintiff or defendant, is guilty of negligence, and the petition in the present case to my mind presents no exception to the general rule. The decision of the majority has in effect applied the doubtful doctrine of assumed risk and because the situation was well known and perfectly obvious to plaintiff a recovery has been denied him. I use the term "doubtful doctrine of assumed risk" because of the policy of our State, as evidenced by the recent Act of the Legislature practically abolishing such defense and substituting therefor that of contributory negligence, and further because such a defense, to my mind, finds no place in a case of this character. I know of no case other than one involving the law of master and servant in which the defense has been sustained. On the contrary, it has been distinctly held in this State and by this court, as well as the Supreme Court, that it can not be said, as matter of law, that a plaintiff assumes the risk of a known danger unless his conduct amounts to contributory negligence. Gulf, C. & S. F. Ry. Co. v. Gascamp, 69 Texas, 545;

Gulf, C. & S. F. Ry. Co. v. Grisom, 36 Texas Civ. App., 630;. Cowans v. Ft. Worth & D. C. Ry. Co., 89 S. W., 1116. It is not conclusive on the question of contributory negligence that appellant knew of the situation at the time he attempted to unload the lumber, or that the same was obvious to him, but at most this can be only a circumstance from which the jury might find that he was guilty of contributory negligence in undertaking the work under the circumstances. In setting the car at the particular place to be unloaded, appellee invited appellant to use the premises at that place in the usual manner, and if he acted as a person of ordinary prudence in accepting the invitation and the company was guilty of negligence as alleged, he would certainly be entitled to a recovery. The invitation by appellee to use the premises in such a case is just as real as is the invitation of a city to the public to use a street, and it is well settled that a plaintiff who in the exercise of due care drives or walks into an obstruction in a street may recover for the city's negligence, even though the obstruction or defect is obvious. The principle here contended for was applied by this court in Ft. Worth & R. G. Ry. Co. v. Morris, 18 Texas Ct. Rep., 527. In that case the railway company had partially obstructed the street with a box car and the plaintiff's horse in an attempt to use the crossing became frightened and upon being urged across by the plaintiff ran away, inflicting injuries on plaintiff for which a recovery was sought. In the course of the opinion Mr. Justice Stephens for the court used the following language: "A traveler is not required to give up the use of the street in such case, but may assume some risk with impunity, especially where, as here, the situation itself amounts to an invitation to use it." For precisely the same reasons appellant was not required to abandon his employment, but was authorized to assume some risk in unloading the lumber, especially since the situation undoubtedly amounted to an invitation to him to do so. He alleges in effect that he did not know and could not ascertain the extent of the danger incident to a use of the premises, and doubtless thought he could load the lumber without danger to himself, though it seems he was mistaken in this.

I attach no importance to the fact that the car and wagon were both standing still when the accident occurred, for necessarily this was so and necessarily the same has no bearing upon the question of defendant's or plaintiff's negligence.

For these reasons I dissent from the majority opinion herein.

Writ of error refused.