ST. LOUIS & SAN FRANCISCO RAILROAD COMPANY v. FRITTS.

Opinion delivered March 9, 1908.

1. RAILROADS—DUTY AS TO APPLIANCES.—While railroad companies owe to persons engaged in the work of loading or unloading cars, whether employees or not, the duty to furnish cars in such condition that they can be used with reasonable safety, they are not guarantors of their safety, but are required merely to exercise ordinary care to see that the appliances furnished are reasonably safe for the intended uses. (Page 463.)

2. SAME.—It is not negligence for a railroad company to furnish a freight car having a door with a fastening in common use and which was reasonably safe when properly handled, though a newer and better fastening has come into use. (Page 463.)

3. SAME—CONTRIBUTORY NEGLIGENCE.—One injured while engaged in unloading a freight car which he knows to be defective will be held to have been negligent and not entitled to recover for the negligence of the railroad company. (Page 464.)

Appeal from Washington Circuit Court; *J. S. Maples,* Judge; reversed.

*B. R. Davidson,* for appellant.

1. The plaintiff, it is undisputed, was familiar with the door and its construction. In opening it he assumed the risk incident thereto, even though a mere volunteer or licensee. 2 Labatt, Master & Servant, 631; 68 Me. 49; 49 N. J. L. 59. If there was any defect in the door, it was patent, and one handling appliances of the kind assumes the risk. 35 Ark. 602; 41 Ark. 542; 54 Ark. 289; 57 Ark. 76; 58 Ark. 125; 47 Fed. 687; 112 Fed. 384; 123 Fed. 275; 126 Fed. 495; 152 U. S. 145; 164 Mass. 168. And the party would be estopped to deny that he knew of its existence. 126 Fed. 524; 53 Ark. 117; 85 Fed 394.

2. A railroad company is not required to discard older appliances and cars, even though some newer appliance, etc., may be less dangerous; and if it provides appliances such as are in ordinary use, it is not guilty of negligence. 3 Elliott on Railroads, § 1274; 1 Am. & Eng. R. Cas. 101-107 and note; 85 Fed. 392; 54 Ark. 393; 57 Ark. 76. Appellee, knowing how these cars were constructed, cannot complain that the company did not furnish cars of different construction. Cases

*supra;* 56 Ark. 389; 57 Ark. 160; 20 Am. Neg. Rep. 202; *Id.* 359; 5 *Id.* 655.

4. The evidence is undisputed that the door was hung with secure hooks, on a secure wrought-iron bar; that it weighed four or five hundred pounds, and that it was necessary to raise it 1½ to 2 inches before it could be lifted off of the bar. *Res ipsa loquitur.*

*Walker & Walker,* for appellee.

1. It is admitted, as well as shown by the evidence, that there was nothing to prevent the door from falling if in opening it, it should be lifted an inch and a half or two inches, and it is shown that it must be lifted in order to open it. The company was negligent in not guarding against the lifting of the door to that height. While the presumption of negligence on the part of the company does not follow as a matter of law from proof of the injury, yet it is not required of plaintiff to show more than the want of such care and diligence on its part as a prudent person would have exercised under like conditions. 44 Ark. 529.

2. Appellee was not an intruder or volunteer, but was engaged in the regular pursuit of his employer's business. He was entitled to the same protection as anyone whose business relations would expose him to injury from the company's negligence. 86 Me. 552; 25 L. R. A. 658; 65 Tex. 577; 2 Thompson, Neg. 1045; 43 O. St. 224; 98 Tenn. 123; 60 Am. St. Rep. 848.

3. The railroad company exercised exclusive right in the matter of providing instrumentalities for the shipment, and owed the duty to appellee and his employer to exercise due care in the selection of these instrumentalities. If, while in the observance of due care on his part, appellee was injured by reason of the negligence or want of the appellant in this respect, it is liable. Whittaker's Smith on Neg. 172-4; Wood on Master & Servant, § 337; 89 N. Y. 470; 39 Mich. 492; 75 Am. Dec. 305; 88 Tenn. 310; 79 Ga. 241; 15 Am. & Eng. R. Cas. 99.

4. The evidence does not sustain the contention that plaintiff had such knowledge of the car and its construction as to preclude a recovery. It was a question for the jury to say

whether or not there was such a defect as was patent, and to say whether or not plaintiff properly or improperly attempted to open the door.

McCULLOCH, J. This is an action instituted by appellee to recover damages for personal injuries received by him on account of a car door falling on him while he was opening the door preparatory to loading the car.

Appellee was employed by one Friend, a shipper, who applied to appellant company for a car, which was furnished by the company and placed on a spur or side-track for the purpose of loading the same with apples at Springdale, in Washington County, Arkansas. He went to the car, and removed the pins which held the hasps or fastenings of the door to the side of the car, and was attempting to slide the door back when it fell on him and injured him. The door was constructed so as to hang by means of two iron hooks at the top to an iron bar or railing on the car over the doorway. These hooks were about an inch and a half long, and, when the door was unfastened, it could be lifted off by raising it the length of the hooks. The door was fastened, when closed, by means of two hasps on each side near the bottom, which fitted over the staples attached to the door-facing or side.

No one was present when the injury occurred save the appellee himself, and he testified that when he pulled the door forward free from the staples so that it would slide it fell off and struck him down. He said that he did not remember of having jerked the door when he pulled it forward.

It is undisputed that the car door was not out of repair, and that there was no negligence on the part of the railroad company, unless it be in using a car which was badly constructed with respect to the manner in which the door was hung on the car. There is evidence to the effect that most of the cars in present use are differently constructed, but that this car is one of the older class still in use which were all constructed in that manner. There was also evidence tending to show that by nailing a board or bar of some kind above the hooks the door could not be raised high enough to permit the hooks to be detached from the railing so that the door could fall.

Learned counsel for appellee in their brief admit that there is no evidence of the car door being out of repair, but they insist that the construction and use of the car with a door which might fall when lifted an inch and a half is an act of culpable negligence and rendered the company liable for damages to one who is injured by the falling of the door.

As a preliminary question, it may be stated to be settled that railroad companies owe to persons engaged in the work of loading or unloading cars the duty to furnish cars in such condition that they can be used with reasonable safety, and a failure to exercise ordinary care in this respect will subject the company to liability to damages to one who has sustained injury by reason of such neglect. 3 Elliott on Railroads, § 1265c, and cases cited.

"It is often said that there is an invitation by the owner or furnisher of a contrivance to anyone to use it who has occasion to do so in performance of a task connected with the purpose it was designed to serve; and this view is both sound and reasonable." *Sykes* v. *St. Louis & S. F. Ry. Co.,* 88 Mo. App. 193. But the duty thus imposed is not one to guaranty the absolute safety of appliances furnished. Its duty in this respect is only to exercise ordinary care to see that the appliances furnished are reasonably safe and are kept safe for the intended uses. *St. Louis, I. M. & S. Ry. Co.* v. *Gaines,* 46 Ark. 555; *St. Louis, I. M. & So. Railway Co.* v. *Rice,* 51 Ark. 467; *Park Hotel Co.* v. *Lockhart,* 59 Ark. 465; *St. Louis, I. M. & So. Railway Co.* v. *Dawson,* 77 Ark. 434.

That is the rule as between railroad companies and its servants, and the same rule applies to one occupying the position appellee did.

The car door was in good condition, and, when proper care was exercised in opening it, was not dangerous. It could not fall unless it was raised enough to allow the hooks to become detached from the railing, and it was unnecessary to raise it in order to open it or slide it back. It is true that it would have been safer to have had something above the hooks in order to prevent the door from being raised. This would undoubtedly have afforded some additional protection, but the appliance was reasonably safe when properly handled, and it was not an act of

464 [85

negligence to allow it to be used. The appliance was of a class still in common use, though the proof shows that a change had been made in the method of construction. If appliances in common use by a railroad company are reasonably safe, they need not be discarded merely because newer and better ones come into use. 3 Elliott on Railroads, § 1277; *Lake Shore & Michigan Southern Ry. Co.* v. *McCormick,* 74 Ind. 440; *Mich. Cent. R. Co.* v. *Smithson,* 45 Mich. 212.

We are furthermore of the opinion that the condition of the door and the danger from raising it were so obvious that appellee was bound to take notice thereof; and he is not only deemed to have assumed the risk and the danger of raising it, but must be held guilty of contributory negligence in raising it. That he did raise it is too plain to be disputed. He may have done it unconsciously, but it is certain that he did raise the door, because it could not have fallen unless he did. The thing speaks for itself. The structural defect in the door, if there was a defect, was a patent one which was readily discoverable, and one who used it assumed the risk of the danger. *Choctaw, O. & G. R. Co.* v. *Thompson,* 82 Ark. 11; *Fordyce* v. *Edwards,* 65 Ark. 98.

Every part of the door was plainly in view. Moreover, appellee was perfectly familiar with cars having doors hung like this one. He says so in his testimony, and states that he frequently opened car doors just like this one.

We are therefore of the opinion that the undisputed evidence shows that the railroad company was not responsible for the injury, and there was no disputed question to be submitted to the jury. Other questions raised need not be discussed.

Reversed and remanded.