R. L. WILLIAMS, \
MATTHEW J. KANE, } Justices. \
JESSE J. DUNN, /

---

## CHICAGO, R. I. & P. RY. CO. v. WATSON.

No. 1697.   Opinion Filed October 23, 1912.

(127 Pac. 693.)

1. **MASTER AND SERVANT—Injuries to Servant—Negligence of Master.** Bundles of iron piping about fifteen feet long, weighing about 75 pounds, were loaded on a car in a pile about ten inches high with the first bundles to be unloaded on the bottom of the pile. A brakeman while lifting, without assistance, one of the bottom bundles, was injured by one of the top bundles rolling over on the bundles he was lifting, jerking him so as to injure his back. **Held,** that the loading of the bundles with the first to be unloaded on the bottom, and the failure to furnish assistance in unloading was not negligence rendering defendant liable for the injury.

2. **NEGLIGENCE—Definition.** Negligence is the failure to do what a reasonable and prudent person would ordinarily have done under the circumstances, or doing what such a person would not have done.

(Syllabus by Rosser, C.)

*Error from District Court, Pottawatomie County;*
*J. B. A. Robertson, Judge.*

Action by A. H. Watson against the Chicago, Rock Island & Pacific Railway Company. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

*C. O. Blake, H. B. Low, R. J. Roberts* and *W. H. Moore,* for plaintiff in error.

*H. H. Smith,* for defendant in error.

Opinion by ROSSER, C. This suit was brought by A. H. Watson in the district court of Pottawatomie county against the defendant railroad company to recover damages for injuries alleged to have been sustained on the 6th day of September, 1907, while working for the defendant as brakeman. The evidence shows that, while the plaintiff was unloading bundles of galvanized iron pipes at defendant's station at Addington, he received the injuries complained of. There is some conflict in the testimony as to the character of bundles he was unloading, but the plaintiff himself testified that it was three-fourths inch pipe, put up in bundles from fifteen to twenty feet long, and that each bundle weighed from 75 to 100 pounds. Plaintiff further testified that it was badly loaded, in that the pipe was for four different stations, all loaded in one pile, and badly mixed, and that the last bundle to be loaded was on top of the pile. He did not testify as to the height of the pile, and the only testimony as to the height of the pile was that of the conductor, who states that it was eight or ten inches high as it was piled upon the floor of the car. As the plaintiff was unloading the pipe, one of the bundles rolled over on the one which he was lifting and gave him a jerk, which hurt his back. There was some conflict between the physician who testified for the plaintiff and the one who testified for the defendant as to the extent of his injuries, but that is immaterial under the view which is taken in this case.

The proof shows that some months prior to the accident, the company had three brakemen upon this particular train, but for some two months before the accident had only two. It also shows that two men usually helped unload freight, though it was sometimes unloaded by only one. The plaintiff testified that the conductor told him to hurry and unload the freight. This

statement is denied by the conductor. In his direct examination the plaintiff testified with reference to the accident as follows:

"Q. Now, if you had an accident there in attempting to unload the pipe you have described, go ahead in your own way and tell all about it. A. In lifting up a bundle of pipe to unload, another bundle rolled over on the bundle that I had picked up and got hold of, giving me a jerk, hurting my back. Q. At the time of the accident describe your position, and how you were holding that bundle you were trying to unload. A. I was in a stooping position, and had ahold of another bundle of the pipe lifting it up to unload, when another bundle rolled over, or fell over on me, and I was in such a position that I couldn't turn loose of the bundle that I had hold of or it would fall on my feet."

A number of questions are raised in plaintiff in error's brief, but it will only be necessary to consider one.

Defendant contends that the evidence is insufficient to sustain a finding that it was guilty of negligence. The question of the effect of evidence is always for the jury. The question of whether there is any evidence at all is for the court. It would seem that the statement of the facts of this case ought to be all that is necessary. If the company is responsible in this case, then the rule, so often announced, that the railroad company is not responsible for mere accidents, is not the law. Many people believe that they should be made insurers of the safety of their employees, but the writer of this opinion believes the legislative department of the state should make law, and believes that it is a usurpation for a court to change the law, whether the change is a needed one or not. To lay down a wrong rule against a corporation in one case will inevitably lead, sooner or later, to some private individual suffering from the application of it, or, what is much worse, an uncertain and fluctuating construction of the law, absolutely intolerable in a government by law.

Negligence is the failure to do what a reasonable and prudent person would ordinarily have done under the circumstances; or doing what such a person would not have done. Anderson, Law Dic.

Negligence must be shown by evidence. Proof of injury is not proof of negligence. The evidence to justify a finding of negligence must show a breach of duty on the part of the defendant, such that a reasonable person should have foreseen would as a natural consequence cause an injury. Not necessarily would *probably* cause an injury in the sense of more likely to cause an injury than not. But the likelihood must be such that a reasonable person could foresee that injury would result in the ordinary course of things; that injury was one of the probable results and likely to happen. A mere possibility of the injury is not sufficient where a reasonable man would not consider injury likely to result from the act as one of its ordinary and probable results. See *Solts v. Southwestern Cotton Oil Co.,* 28 Okla. 706, 115 Pac. 776. In this case there was nothing inherently dangerous in the work to be done. The defendant was only required to take such precaution as a reasonably prudent person might have foreseen would be necessary to prevent the injury. The brakeman, a man in good health and in possession of all his faculties, was put to the work of unloading bundles of piping fifteen or twenty feet long, weighing, according to the evidence, from 50 to 100 pounds per bundle. Would any reasonable man have supposed that it was necessary to take any precaution to protect him from injury received while endeavoring to unload them, especially in view of the other evidence that they were only piled up to a height of eight or ten inches? A farmer would be surprised to know that he had been guilty of negligence where he had instructed his hired man to get a pole from underneath a wood pile and the man had let another pole roll down and jerk his back, yet, if the company is liable in this case the farmer would be in that. It is unquestionably in the power of the Legislature to change the law as to hold the company as an insurer of the safety of its employees, but, until the law is changed by the proper lawmaking power, this court has no right to change it.

In *Shultz v. C. & N. W. R. Co.,* 67 Wis. 616, 31 N. W. 321, 58 Am. St. Rep. 881, where an employee of the company was injured by the falling of a piece of coal from the tender, and

where the proof showed that the coal had been piled above the top of the tender,. the court said:

"Was it negligence of the company, even if they knew of such a customary method of loading the tenders on their road? Such an accident had never happened before from such a cause. It was a very strange and almost unaccountable accident. It was common to load the tender in that way. * * * This case in this respect falls within the principle of a mere accident, occurring unexpectedly and almost unaccountably, from a common course of things, in which it had never happened before, and is not likely to happen again, and is attributable to a cause not unusually, and scarcely ever, followed by such a consequence. The case in this respect also falls within the decision of a similar class of cases of unexpected and unusual accidents, where no recovery can be had, as in *Morrison v. Construction Co.*, 44 Wis. 405 [28 Am. Rep. 599]; *Steffen v. Railway Co.*, 46 Wis. 259 [50 N. W. 348]; and *Sorenson v. Paper & Pulp Co.*, 56 Wis. 338, 14 N. W. 446."

See, also, *Wood v. St. L. & S. W. R. C. of Texas*, 48 Tex. Civ. App. 328, 107 S. W. 563; *St. L. & S. F. R. Co. v. Fritts*, 85 Ark. 460, 108 S. W. 841; *Motey v. Pickel Marble & Granite Co.*, 74 Fed. 155, 20 C. C. A. 366. In none of the cases cited by defendant in error are the facts similar to the facts of this case. In *Sincere v. Union Compress Warehouse Co.* (Tex. Civ. App.) 40 S. W. 326, the plaintiff was injured while engaged in unloading cotton bales from the car, and through negligence of the defendant a bale of cotton was thrown against him, whereby his foot was broken, and he was severely and permanently injured. The evidence does not disclose of what the negligence consisted, or how the cotton bale was thrown against him. It is very evident that the handling of a bale of cotton, that probably weighed in the neighborhood of 500 pounds, is very different from handling a package of iron or steel tubing, weighing from 50 to 100 pounds. In *Supple v. Agnew*, 191 Ill. 439, 61 N. E. 392, plaintiff was working on a bridge, .and was injured by heavy timbers falling from an implement known as a "dolley," and it was held in that case that it was the duty of the company to furnish a sufficient number of men to handle the timbers, and that the failure to do so was negligence. The handling of timbers in bridge building is essentially dangerous.

No case has been found that will sustain the judgment in this case. It should be reversed and remanded.

By the Court: It is so ordered.