JOHN C. SIMPSON, JR., BY NEXT FRIEND, ETC., ET AL., RESPONDENTS, v. NATHAN SNELLENBURG ET AL., APPELLANTS.

Argued June 27, 1921—Decided November 14, 1921.

1. Operating a motor truck which obscures a vision along the public highway to such an extent as to prevent those driving or riding behind such vehicle from observing conditions which ought to be known to them, in order to reasonably insure their safety of life and limb, casts a duty upon the driver of such vehicle to use reasonable care that timely and ample warning be given of approaching danger to those whose view of the impending peril he obstructs.
2. The mere fact that a vehicle is moving in close proximity to a moving vehicle ahead and keeping up with it does not constitute negligent conduct *per se*.
3. A driver on the highway, following another vehicle, has the right to assume that the driver of the vehicle in front will use reasonable care to observe the condition of the traffic ahead and will so operate and regulate the speed of his vehicle as not to endanger those who are driving in his rear and whose view up the road, and of the approach of vehicles, is shut off by such vehicle ahead.
4. In order to successfully charge a plaintiff with having assumed the risk of danger he must either have knowledge of its existence, or could have obtained such knowledge by the exercise of reasonable care.

On appeal from the Supreme Court.

For the appellants, *Ott & Carr.*

For the respondents, *Albert S. Woodruff.*

The opinion of the court was delivered by

KALISCH, J. The single question presented on this appeal is whether the evidence was so clear and conclusive that the trial judge could properly have said, as a matter of law, that the plaintiff was guilty of contributory negligence, and, therefore, should have taken the case from the jury and directed a verdict for defendant.

To determine this query requires an examination of the facts established by the testimony in the cause. Briefly stated, they were as follows:

Simpson, Jr., and his father sued the defendants to recover damages for injuries sustained by the former while riding a bicycle on a public road leading from Philadelphia to Pleasantville, in this state. The son, a lad sixteen years of age, accompanied by four companions, on bicycles, was riding along the road, and when he and they reached a place called Stratford, a motor delivery truck, belonging to the defendants, passed them. Besides the defendants' chauffeur, who operated the truck, there was a helper sitting in the rear looking back. From the time the motor truck passed Simpson and his companions up to the time of the happening of the accident, they rode behind the truck at a distance from twelve to twenty feet. The chauffeur of the truck spoke to the bicyclists as he passed them, and the testimony is undisputed that he knew they were riding behind his truck, and that the enclosed body of his truck was of such size as to practically shut off visibility to those behind of vehicles which were approaching from the opposite direction. The truck was going very rapidly and it is apparent that Simpson and his companions were trying to keep up with it. As they were going down a long incline the driver of the truck observed a farm wagon standing across the road, also beyond it, coming rapidly from the opposite direction, six or seven touring cars, apparently, on their way to Philadelphia. He attempted to pass around the farm wagon before the passing point was reached by the motor cars, and discovering, when he was almost in contact with the farm wagon, that he could not accomplish his purpose, he put on his brakes with full force and came to a sud-

den stop within a few feet of the farm wagon. He did this without any warning to Simpson or his companions who he knew were closely following him. Three of them, in order to avoid colliding with the truck, undertook to pass to the right with the result that they piled up on one another in a ditch alongside the road. The plaintiff observing this, and warned by his companions' fate and in order to avoid a mishap, turned to the left just as the first of the string of autos observed by the operator of the truck was passing the farm wagon, with the result that though Simpson kept as near the delivery wagon as practicable, he was hit by the automobile and very seriously injured.

Operating a motor truck which obscures a vision along the public highway to such an extent as to prevent those driving or riding behind such vehicle from observing conditions which ought to be known to them, in order to reasonably insure their safety of life and limb, casts a duty upon the driver of such vehicle to use a reasonable degree of care that timely and ample warning be given of approaching danger to those whose view of the impending peril he obstructs. That being the measure of the operator's legal duty, it is difficult to perceive how under the evidence it can fairly be maintained that the plaintiff was guilty of contributory negligence.

For the appellants it is strenuously urged that the plaintiff by riding behind the moving truck within a distance of eight to twenty feet was guilty of negligence *per se*. The adoption of such a view would result in disastrous consequences to public travel, by preventing the free use of our public roads for all kinds of vehicular traffic and materially impede the proper running of vehicles for both business and pleasure. For it is a matter of common knowledge that conditions of traffic often become such that vehicles are necessarily much closer to each other than eight feet, and, therefore, must be run and guided as to their speed by the vehicles ahead, and to denounce such conduct as negligent *per se* cannot be justified in good sense. The mere fact that a vehicle is moving in close proximity to a moving vehicle ahead and keeping up with it does not of itself constitute negligent conduct *per se*,

but whether or not it was the negligence of the operator of the rear vehicle contributing to the negligence of the driver ahead in case of an accident to the former, depends upon all the circumstances surrounding the happening of the accident, and almost invariably presents questions of fact for the decision of a jury.

The plaintiff had a right to assume that the truck driver was using reasonable care to observe the condition of the traffic ahead and would so operate and regulate the speed of the truck so as not to endanger those who were driving or riding in his rear, and whose view up the road and of the approach of vehicles was shut off by the truck, and that the driver would use reasonable care to give timely and ample warning of any danger ahead, so as to afford them an opportunity to halt their bicycles in time to avoid running into the truck, or at least to turn into a place of safety. That the truck driver failed in his duty in that regard, and thus practically by his negligent conduct lured the plaintiff and his companions into a dangerous situation, appears clearly from the evidence. As a consequence of such negligent conduct, the plaintiff and his companions were overtaken by an unforeseen and sudden peril which called upon them, on the instant, in a state of mind more or less distracted by the impending peril, to exercise their best judgment to reach a place of safety, with the result that those turning to the right fell on top of one another into a ditch alongside of the road, whereas the plaintiff, to avoid the mishap of his companions and to avoid injuring them and himself, turned to the left, hugging closely as practicable the side of the truck only to be met and struck by an approaching automobile which was hidden from his view by the truck. The plaintiff, in the circumstance in which he found himself, was not bound to exercise an infallible judgment as to what course to take to escape threatening and imminent danger; all that was required of him was to exercise that degree of care for his safety as an ordinary prudent person, suddenly overtaken by a peril, in a similar situation, would have taken, and that presented, clearly, a jury question.

The suggestion that the plaintiff assumed a risk of danger

to himself by riding closely behind the truck and keeping up with it, and thereby was debarred of any right to a recovery, is wholly without legal force.

There was no risk of danger, as arose in this case, except such as was the direct result of the truck driver's negligence. In order to successfully charge a plaintiff with having assumed the risk of danger, he must either have knowledge of its existence or could have obtained such knowledge by the exercise of reasonable care.

In the present case it was the truck driver's negligent conduct which created the dangerous situation, which danger could not have been anticipated or known by the plaintiff, and it is therefore difficult to understand by what process of logical reasoning it can properly be said that the plaintiff assumed such risk. At any rate, whether that particular risk was assumed by the plaintiff was clearly not a court question but one for the jury. The trial judge was therefore warranted in refusing to direct a verdict for the defendants.

Judgment is affirmed, with costs.

*For affirmance*—THE CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, HEPPENHEIMER, VAN BUSKIRK, JJ.   9.

*For reversal*—THE CHANCELLOR, BLACK, WILLIAMS, GARDNER, JJ.   4.