## ELECTRIC SUPPLY CO. v. ROSSER.

No. 9846—Opinion Filed Feb. 13, 1923.

(Syllabus.)

1. **Negligence—Maxims.**

The maxim of the common law is sic utere tuo ut alienum non laedas—so use your own property as not to injure another—a rule that applies to corporations as well as to individuals.

2. **Same—Forms of Action.**

Trespass on the case and other forms of action predicable on negligence are within the meaning of the maxim.

3. **Same—Extent of Liability.**

While under the maxim no man is made an absolute insurer of his acts, he is liable for injury arising from a failure to act with that degree of forethought and intelligence which characterizes the conduct of prudent men in general.

#### 4. Same—Definition of Negligence.

Negligence is defined to be the failure to do what a reasonable and prudent person would ordinarily have done under the circumstances, or doing what such person would not have done.

#### 5. Same—Ordinary Care—Jury Question.

What constitutes ordinary care on the part of a defendant, and whether the same is the proximate cause of the injury, are questions for the jury.

#### 6. Same—Judgment for Damages—Sufficiency of Evidence—Harmless Error.

Record examined, and held: (1) that the evidence reasonably tends to support the verdict and the judgment entered thereon; (2) that the remaining errors complained of are without merit or they are harmless under section 6005, Rev. Laws 1910.

Error from District Court, Tulsa County; N. E. McNeill, Judge.

Action by I. G. Rosser against Electric Supply Company for damages for destruction of goods by fire. Judgment for plaintiff and defendant brings error. Affirmed.

Pat Malloy, M. A. Breckinridge, Chas. R. Bostick, and Lee Daniel, for plaintiff in error.

J. P. O'Meara, Chas. E. Bush, A. F. Moss, and L. G. Owen, for defendant in error.

KANE, J. This was an action for damages for the loss by fire of some household goods, clothing, etc., commenced by defendant in error, plaintiff below, against the plaintiff in error, defendant below.

Hereafter, for convenience, the parties will be designated plaintiff and defendant as they appeared in the trial court.

It seems that the plaintiff, who was the manager of the Bass Furniture & Carpet Company at Tulsa, Okla., stored certain of his household goods, clothing, etc., in the warehouse of the company, where large quantities of furniture, carpets, etc., wrapped in burlap, excelsior, and other combustible material were stored; that thereafter the Bass Furniture Company employed the defendant to do some electrical wiring in the warehouse.

It was alleged, and the evidence tended to show, that the servant of the defendant who did the repairing negligently used an old, worn, leaky, defective, and dangerous gasoline torch that was leaking gasoline, thereby setting fire to the furniture in the warehouse and causing the warehouse and the contents thereof, including the personal property of the defendant, to be totally destroyed.

The answer of the defendant was a general denial. Under the issues thus joined there was a trial by jury, which resulted in a verdict for the plaintiff, upon which judgment was duly rendered, to reverse which this proceeding in error was commenced.

The main ground for reversal urged by counsel for the defendant in their brief may be briefly summarized as follows: There was no contract or privity of contract between the defendant company and Rosser, and the defendant company owed no greater duty, at most, to Rosser than the Bass Furniture & Carpet Company owed to him; that the Bass Furniture Company being at most a gratuitous bailee under section 1105, Rev. Laws 1910, the defendant, under section 1106, Rev. Laws 1910, was only required to use slight care for the preservation of a gratuitous bailee. They say, "Notwithstanding that such is the rule, the learned trial judge instructed the jury on 'reasonable care.' "

We think this assignment of error is based upon an erroneous theory as to the nature of the cause of action stated in plaintiff's petition.

If we understand the petition correctly, the doctrine of bailments is in no wise applicable to any issue joined by the pleadings or the evidence in this case. The petition charges the defendant with negligence in that it failed to observe that maxim of the common law which requires everyone to so use his own property as not to injure another. Trespass on the case and other forms of action predicable on negligence are within the meaning of the maxim. While under the maxim no man is made an absolute insurer of his acts, he is liable for injury arising from a failure to act with that degree of forethought and intelligence which characterizes the conduct of prudent men in general. 20 R. C. L. 6-8.

"Negligence is defined to be the failure to do what a reasonable and prudent person would ordinarily have done under the circumstances, or doing what such a person would not have done." C., R. I. & P. Railway Co. v. Watson, 36 Okla. 1, 127 Pac. 693.

So, reduced to its simplest form, the question for solution is this: Would a reasonably prudent man, under like or similar circumstances, have taken a lighted, leaking gasoline torch into a warehouse where furniture wrapped in excelsior and burlap and other inflammable material was stored? If he would not, the defendant was guilty of actionable negligence.

The jury, upon sufficient evidence, having answered this question of fact in the

negative, we are not at liberty to question the correctness of their finding.

What constitutes ordinary care on the part of a defendant, and whether the same is the proximate cause of the injury, are questions for the jury. St. L. & S. F. R. Co. v. Elsing, 37 Okla. 333, 132 Pac. 483.

We have examined the remaining assignments of error complained of, all of which belong to the class covered by section 6005, Rev. Laws 1910, and are of the opinion that they are either without merit or are harmless under any reasonable application of the statute just cited.

For the reasons stated, the judgment of the trial court is affirmed.

JOHNSON, V. C. J., and KENNAMER, NICHOLSON, COCHRAN, and BRANSON, JJ., concur.