UNION TRANSPORTATION CO. v. LAMB.

No. 28857.   Jan. 13, 1942.

Rehearing Denied March 24, 1942.

*123 P. 2d 660.*

Hudson & Hudson, of Tulsa, for plaintiff in error.

Harry Stephenson and Clem Stephenson, both of Okemah, for defendant in error.

DAVISON, J. This case is presented on appeal from the district court of Okfuskee county. It involves damages for personal injuries alleged to have been sustained by Harvey Lamb as a result of a collision between two motor vehicles proceeding in the same direction along U. S. Highway No. 62, one of the public highways of the state.

Mr. Lamb was riding with his brother, as a passenger, in an automobile when it ran into the rear end of a passenger bus (of a size adequate to accommodate 25 passengers) owned and being operated by the Union Transportation Company. At the point of the collision, which was about four miles east of the city of Okemah, the pavement was 18 feet wide. Both vehicles were proceeding in a westerly direction on that portion of the pavement used by westbound traffic.

Mr. Lamb, who, as plaintiff, instituted the action against the company in the trial tribunal, attributes the collision to the asserted negligence of the driver of the bus, who, it is claimed, suddenly and without warning signal, brought the large vehicle which he was operating to a sudden stop in the traveled portion of the highway used by westbound traffic.

On the trial of the cause to the jury, sharp conflicts developed between the proof offered by the respective parties. These conflicts were resolved by the jury in favor of the plaintiff, which returned a verdict awarding him $1,207.

Judgment was entered on the verdict, and the Union Transportation Company presents the case for review, appearing herein as plaintiff in error. Although the order of appearance is reversed in this court, our continued reference to the parties, when not otherwise designated, will be by their trial court designation.

Since this is an action of legal cognizance, as distinguished from one of equitable cognizance, the verdict of the jury is deemed to include specific finding in favor of the prevailing party upon all issues of fact, and it is not within our province to disturb such findings unless there is an absence of evidence in the record reasonably tending to support the same.

Thus we view the evidence in a light most favorable to the plaintiff, and con-

flicting evidence favorable to the defendant merits only incidental reference in this opinion.

The company, although apparently somewhat aggrieved that the jury did not adopt its version of the collision and the precipitating factors, does not urge that we should depart from the established method of approach in reviewing the evidence and deciding its appeal.

It takes the position that many of the points upon which conflicts developed in the evidence were comparatively insignificant, and that controlling importance should be attached to the undisputed fact that at the time of the collision the vehicle in which plaintiff was riding was behind the company's bus.

It urges in substance that when two motor driven vehicles are proceeding in the same direction along a public highway, the driver of the forward vehicle owes very little, if any, duty to the vehicle in the rear, or its occupants, and that such duties as were by law incumbent upon him were not in this case breached by its driver.

The company concludes that, since actionable primary negligence always includes the breach or nonperformance of a duty (Atchison, T. & S. F. Ry. Co. v. Phillips, 158 Okla. 141, 12 P. 2d 908; Gulf, C. & S. F. Ry. Co. v. Nail, 156 Okla. 294, 10 P. 2d 668), the absence of such nonperformance or breach of duty asserted to exist in this case demonstrates the absence of primary negligence and entitles it to judgment absolving it from liability. This is undoubtedly an appropriate disposition of a case where there is an absence of proof of primary negligence. Earl v. Oklahoma City-Ada-Atoka Ry. Co., 187 Okla. 100, 101 P. 2d 249; Roy v. St. Louis & S. F. Ry. Co., 153 Okla. 270, 4 P. 2d 1038; Gourley v. Jackson, 116 Okla. 30, 243 P. 243.

Basically, the position taken by the defendant company rests upon the relative position of the respective vehicles. However, the relative position of vehicles is only an important circumstance to be taken into consideration in applying the legal tests by which the existence of primary negligence is ascertained. It is not a specific situation to which the law applies arbitrary rules, to the exclusion of other conduct not contemplated by such rules as a basis of negligence.

Negligence comprehends a failure to exercise due care as required by the circumstances of the case (Rock Island Coal Mining Co. v. Davis, 44 Okla. 412, 144 P. 600); a failure to do what a person of ordinary prudence would have done under the circumstances or the doing of what such a person would not have done under the circumstances. Kress & Co. v. Nash, 183 Okla. 544, 83 P. 2d 536; Wisdom v. Bernhardt, 170 Okla. 385, 40 P. 2d 679; Electric Supply Co. v. Rosser, 88 Okla. 220, 214 P. 1068; Chicago, R. I. & P. Ry. Co. v. Watson, 36 Okla. 1, 127 P. 693.

These general principles apply to the drivers of vehicles using the highways. As observed by the federal court in Cardell v. Tennessee Electric Power Co., 79 F. 2d 934:

". . . A leading vehicle has no absolute legal position superior to that of one following. Each driver must exercise ordinary care in the situation in which he finds himself. . . . In each case, except when reasonable minds may not differ, what due care required, and whether it was exercised, is for the jury."

The language deleted from the foregoing quotation indicated that the federal court entertained the view that in the ordinary course of affairs the driver of the forward vehicle should signal in some appropriate way before stopping. It stated in part:

". . . The driver of the leading vehicle must exercise ordinary care not to stop, slow up, nor swerve from his course without adequate warning to following vehicles of his intention to do so. . . ."

At apparent variance with this view are the views expressed by the Court of Appeals of Alabama, in Government

Street Lumber Co. v. Ollinger, 18 Ala. App. 518, 94 So. 177 (certiorari denied by Supreme Court of Alabama, 94 So. 922). That court said in the body of the opinion that:

". . . In the absence of facts or circumstances that would put him on notice of the *near approach* of another automobile from his rear, the driver may drive slow or fast, select the parts of the road best suited to travel, stop or start at will, or turn into side roads, without the giving of signals of such intentions. . . ." (Emphasis ours.)

It is doubtful, however, if either court intended to lay down an arbitrary rule of conduct for drivers of the forward vehicle by which they could or should govern their conduct under any and all circumstances. Certainly, the Alabama court did not, for upon rehearing it wrote a supplemental opinion wherein it points out that:

"As we tried to point out in the original opinion, the rule would be different in town or city where the constant traffic itself would require a greater degree of care, *or even on a county highway, where the traffic had become so heavy and frequent as to itself constitute notice.*

"No facts having been shown that the place where the accident occurred was other than an ordinary country road, . . ." (Emphasis ours.)

In Smith v. Clark, 125 Okla. 18, 256 P. 36, we quoted with approval from the Alabama case last above cited, and *committed ourselves to the doctrine* (without limiting its application to country roads) that the general law of this state does not specifically or arbitrarily impose upon the driver of a vehicle the duty to signal his intended movements or conduct to persons who may be approaching from the rear, but we did not hold that the law excused such a signal as may be appropriate when the circumstances (such as the known presence of a vehicle immediately in the rear or the existence of traffic conditions which would cause a person of ordinary prudence to reasonably apprehend the close proximity of vehicles approaching from the rear) are such that a man of ordinary prudence would, in the exercise of due care, give a signal.

It is appropriate that we here point out, as did the federal court in Cardell v. Tennessee Electric Power Co., supra, that a determination of the requirements of due care as the same should be exercised by an ordinarily prudent person rests in the first instance with the jury, and it is only where reasonable men would not differ or where the law definitely prescribes the standard of duty that the court may properly interfere with or ignore the determination of that fact-finding group. In this connection see City of Cushing v. Stanley, 68 Okla. 155, 172 P. 628; Ponca City Ice Co. v. Robertson, 67 Okla. 86, 169 P. 1111.

As we pointed out in Peppers Gasoline Co. v. Weber, 186 Okla. 471, 98 P. 2d 1087, the rule of Smith v. Clark, supra, has been somewhat limited by the subsequent decisions of this court, but as therein indicated it still exists as an appropriate basis for advising the jury by proper instructions that the law imposes no arbitrary or specific duty on the driver of a forward vehicle. This, of course, does not, as we pointed out above, excuse him from exercising due care as required by the particular circumstances. Notice, also, Caesar v. Phillips Petroleum Co., 187 Okla. 559, 104 P. 2d 429.

Having considered the law applicable to this case, we now turn to a brief consideration of the evidence for the purpose of ascertaining whether the jury was justified in concluding that the driver of defendant's bus under the circumstances here involved did not exercise due care in bringing his bus to a sudden stop in the traveled portion of the highway and immediately in front of the automobile in which plaintiff was riding.

The highway on which the two vehicles were traveling was not as in the Alabama case an "ordinary country road," but on the contrary was one of the principal traffic arteries of the state.

The presence and close proximity of other vehicles (that is, other than the two vehicles involved in this litigation) is reflected in the record.

A slow-moving cotton wagon was immediately in front of defendant's bus and a truck was approaching from the west which explains the action of the driver of the bus in bringing his vehicle to a stop instead of going around the wagon. The road was straight and the driver could and did see the wagon a quarter of a mile ahead. He could have gradually slackened the speed of the bus (he and other witnesses testified that he did), but, according to the plaintiff's evidence, he brought the vehicle to a sudden stop in the traffic lane without indicating his intention to do so by signal or lights.

The bus was a large vehicle (90 inches in width) and obscured the vision of the road ahead by the driver of the car in which plaintiff was riding, a fact entitled to a degree of consideration. Simpson v. Snellenburg, 96 N.J.L. 518, 115 Atl. 403, 24 A.L.R. 503. The driver of the automobile thus did not see the cotton wagon. He had been traveling behind the bus for several miles, maintaining a distance of 100 to 200 yards. When he came to the point where the road was straight for some distance, he decided to pass and for that purpose accelerated his speed until he was about 75 feet from the bus, at which point he swerved or started to swerve toward the left side of the road, sounding his horn as a signal to the bus driver, but upon perceiving the truck approaching from the west, swung back into the traffic lane behind the bus just at the time of, or immediately before, its sudden stop. He was unable to apply his brakes in time to avoid the collision which immediately resulted. When the collision occurred the driver of the bus exclaimed, according to the testimony of passengers in the bus, "Oh boy, just as I expected." From this exclamation and the fact that the driver of the automobile had previously sounded his horn, the jury may have reasonably inferred that the bus driver knew of the close proximity of the automobile when he stopped the bus and was aware of the hazard created by his act. See Indian Territory Ill. Oil Co. v. Johnson, 177 Okla. 288, 58 P. 2d 888.

Upon consideration of the foregoing salient features of this case in the light of the law applicable thereto, we conclude that when the driver of a motor vehicle of such a size that it obstructs the view of the road ahead of drivers of vehicles following him brings his vehicle to a sudden stop in the traffic lane of one of the principal highways of the state, behind a slower moving vehicle and in front of an automobile traveling behind him, without any signal of his intention to stop, under circumstances from which the jury could reasonably infer that he knew of the presence of such automobile behind him and that he had ample opportunity to slow down gradually to avoid colliding with the vehicle in front, this court cannot hold as a matter of law that the driver exercised due care, and that there was an absence of proof sufficient to establish primary negligence.

In the brief of the defendant there is some discussion of the prudence exercised by the driver of the car in which the plaintiff was riding, and in this connection our attention is called to the duty of the driver of the automobile to so operate his vehicle as to be able to bring it to a stop within the "assured clear distance ahead." (Section 10323, O. S. 1931, 47 Okla. St. Ann. § 92.) But even though the driver of the automobile was guilty of a breach of his legal duty in the respect last indicated, or failed otherwise to exercise ordinary prudence, his negligence, if any, was only a concurring or contributing factor, and since it was not imputable to the plaintiff, it does not operate to excuse the defendant for the negligence on its part as determined by the jury in the trial court. Oklahoma Ry. Co. v. Mount, 155 Okla. 275, 9 P. 2d 11; Cushing Refinery & Gasoline Co. v. Deshan, 149 Okla. 225, 300 P. 312; Ceasar v. Phillips Petroleum Co., supra.

Finding no substantial error in the proceedings of the court below, the judgment of that court is affirmed.

WELCH, C. J., and OSBORN, HURST, and ARNOLD, JJ., concur. CORN, V. C. J., and RILEY, BAYLESS, and GIBSON, JJ., dissent.