### SMITH et al. v. CLARK.

No. 16411.   Opinion Filed July 27, 1926.

Rehearing Denied May 17, 1927.

**1. Negligence—Demurrer to Plaintiff's Evidence as to Causal Effect.**

A demurrer to plaintiff's evidence in a personal injury action ought to be sustained, unless it is reasonably apparent that the injury suffered by the plaintiff is the causal effect from some wrongful act of the defendant, in violation of a legal duty owing to the plaintiff.

**2. Negligence — Essentials of Actionable Negligence.**

To constitute "actionable negligence," where the wrong was not willful or intentional, three essential elements are necessary: (1) The existence of a duty on the part of the defendant to protect the plaintiff from injury. (2) Failure of the defend-

ant to perform that duty. (3) Injury to the plaintiff proximately resulting from such negligence to perform that duty.

**3. Highways—Driver's Duty to Watch Car Ahead.**

A driver of an automobile on a public road, upon approaching another automobile from the rear, must look out for the man ahead and must have his machine well in hand to avoid injuring the car ahead, so long as the man ahead is driving in accordance with his rights.

**4. Same—Turning to Left on Highway Without Signaling—When not Negligence.**

Where two automobiles were travelling in the same direction along a public highway, and the rear car attempted to pass the first one just as it was turning to the left out of the highway and was injured, the driver of the front car was not guilty of negligence in turning to the left without signaling, if he did not know of the approach of the rear car.

**5. Same—Demurrer to Plaintiff's Evidence Proper.**

Record examined; held, that the overruling of the defendants' demurrer to the plaintiff's evidence was reversible error.

(Syllabus by Thompson, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Tulsa County; Z. I. J. Holt, Judge.

Action by Hattie Clark, defendant in error, plaintiff below, against Charles T. Smith, doing business as Smith Sand Company, and F. M. Figg, plaintiffs in error, defendants below, to recover damages. Judgment for plaintiff. Defendants bring error. Reversed, with instructions.

Bicking & Wilson, for plaintiffs in error.

E. M. Connor, for defendant in error.

Opinion by THOMPSON, C. This action was commenced in the district court of Tulsa county by Hattie Clark, defendant in error, plaintiff below, against Charles T. Smith, doing business as Smith Sand Company, and F. M. Figg, plaintiffs in error, defendants below, to recover damages for personal injury and damages to her car on account of collision on a public road.

The parties will be referred to as plaintiff and defendants as they appeared in the lower court.

The record shows that plaintiff was the owner of a Ford sedan automobile and was driving the same along the public highway between Tulsa and Sand Springs, Okla.; that the defendant F. M. Figg was driving a

truck, owned by the Smith Sand Company, ahead of plaintiff and in the same direction that the plaintiff was driving; that there was a road leading from the paved highway, upon which they were traveling, at right angles to said highway, leading down to the plant of the defendant sand company; that as said truck approached the road, turning down to the company's plant, the driver thereof turned to the left to enter said road and that plaintiff's car ran into the left rear part of defendant's truck, thereby damaging plaintiff's Ford sedan, smashing the fender and hood, breaking the hangar of the engine, the steering wheel, the glass windshield and other minor parts of the car, cutting plaintiff's left knee, bruising her right limb and injuring other parts of her body, from which she claims to have received permanent injuries, incapacitating her from performing her ordinary household duties, and from which she suffered and is still suffering great pain, and that she incurred expenses for medical treatment and incurred expenses for repairing her car, and prayed judgment in the sum of $50.300.

To the petition the defendant filed a general demurrer, which was overruled and exception reserved, and the defendants then filed their answer by way of general denial, pleaded contributory negligence, and as further answer alleged that defendants were driving a heavy truck in plain view of the plaintiff; that the truck made a great deal of noise and in spite of the fact that said truck was in plain view of all persons on the road that plaintiff negligently, recklessly, and without any regard for her own safety or the safety of others drove her car into said truck, belonging to the defendants; that the plaintiff immediately after the accident stated to one of the defendants that she had had another accident in the city of Tulsa less than an hour before and that she was not hurt or injured other than injuries received in the accident in the city of Tulsa, and prayed that plaintiff take nothing, and that defendants be discharged with their costs.

The plaintiff replied by way of general denial and upon these issues the cause proceeded to trial before a court and jury, and at the close of the testimony on part of plaintiff the defendants filed a demurrer to the sufficiency of the evidence to support plaintiff's claim for damages, which demurrer was overruled and defendants excepted, and at the close of all the evidence in the case the defendants moved the court to instruct the jury to render a verdict for the defendants and each of them, which motion was denied and exception reserved. Nine members of the jury returned a verdict into court in favor of the plaintiff and against the defendant that she recover the sum of $2,500.

After an unsuccessful motion for new trial, filed by the defendants, the court pronounced judgment upon the verdict of the jury and the cause comes regularly upon appeal by the defendants to this court for review of said judgment, and they assign as grounds for reversal that the court erred in overruling the motion for new trial; in overruling the demurrer of defendants to the petition of plaintiff; in overruling the demurrer to the evidence of plaintiff and overruling motion of defendants for an instructed verdict in their favor; that the evidence was insufficient to sustain the verdict; the admission of certain testimony on part of the plaintiff; misconduct of counsel; and that the verdict is excessive.

In passing upon the merits of this case, in our opinion, it will be necessary to review the evidence most favorable to the plaintiff and from that determine whether there was such primary negligence on part of the driver of defendant's truck that would entitle the plaintiff to recover in this cause. The plaintiff's evidence is that she was traveling along the public highway behind defendant's truck, and the truck is shown to be a heavy metal-bodied truck for hauling sand for the defendant company and was empty going to the plant for a load of sand; that the road to defendant's plant adjoined the highway at right angles on the left side of the highway; that neither of the parties was driving at an unlawful rate of speed, the plaintiff probably going 15 miles an hour and the truck going six or seven miles an hour; that plaintiff desired to pass the truck; that she put her hand upon the horn of her enclosed Ford sedan and held her hand upon the horn 50 or 75 feet, and that the driver of the truck never showed any sign that he intended to turn; that the driver of the truck, as the plaintiff approached from the rear, turned the truck to the left, the front part of the same, at the time of the collision, being off the paved road and into the road leading to the defendant's plant, and plaintiff's car ran into the left side of the rear end of the truck, her car being struck about the middle of the hood, causing the damage to the car, heretofore stated, and the injury to plaintiff's person. Plaintiff testified that she could not tell just how much noise the truck was making, but she knew it was making a lot of noise as she could hear it; that she was not, at the time, "paying any mind" to the road leading to defendant's plant, as

she just wanted to pass the truck, and that, at the time of the accident, she was on the left side of the highway. There is nothing in the record to indicate that the driver of the truck ever heard the sound of the plaintiff's horn or that he knew that plaintiff was following his truck, but, on the contrary, the uncontradicted evidence of F. M. Figg, the driver of defendant's truck, is that he did not hear any signal and the first intimation he had that plaintiff was anywhere in the vicinity of his truck was when he felt the impact of her car against the left rear end of his truck; that plaintiff passed another truck a very short distance behind the truck of defendant and the driver of that truck testified that plaintiff did not signal as she passed him and he heard no signal given to the driver of defendant's truck, although he was near enough to have heard it.

The question presented here, under such circumstances, is whether or not the driver of defendant's truck was guilty of primary negligence or guilty of violating any duty owed by him to the plaintiff in this case.

There is no special statute law of this state requiring a driver of a motor vehicle to give a signal or warning to the driver of a car approaching from the rear, on a public highway, and the only statute regulating driving and operating motor vehicles is found in section 2, chap. 16, page 21, Sess. Laws 1923, which requires that the vehicle should be driven in a careful and prudent manner and at an ordinary rate of speed, having due regard for the traffic and use of the highway and for the safety of pedestrians or property and drivers or operators of other vehicles, and that he shall not drive such vehicle at a rate of speed in excess of 35 miles an hour and in certain places not more than 15 miles an hour. It is evident in this case that the driver of defendant's truck was not driving at an excessive rate of speed; that plaintiff had a plain and unobstructed view of defendant's truck and it was her duty to have her car under complete control when approaching defendant's truck from the rear, and we know of no law or of any rule of reason that denies the right of defendant's driver to leave the highway at a road leading to his place of business.

This court, in the case of Schaff v. Edwards, 111 Okla. 13, 237 Pac. 620, in the first paragraph of the syllabus, said:

"A demurrer to plaintiff's evidence in a personal injury action ought to be sustained, unless it is reasonably apparent that the injury suffered by the plaintiff is the causal effect from some wrongful act of the defendant, in violation of a legal duty owing to the plaintiff."

In the case of C., R. I. & P. Ry. Co. v. Wainscott, 103 Okla. 187, 229 Pac. 808, this court said:

"To constitute actionable negligence where the wrong was not wilful or intentional, three essential elements are necessary: (1) The existence of a duty on the part of the defendant to protect the plaintiff from injury. (2) Failure of the defendant to perform that duty. (3) Injury to the plaintiff proximately resulting from such negligence to perform that duty."

Under the pleadings in this case, the plaintiff claims, in her petition, that the driver of defendant's truck made a left-hand turn off the pavement, without giving any warning of hand, arm, or horn, or any sign whatever, abruptly and into the byroad leading to defendant's plant, without alleging that defendants knew of plaintiff's presence, which was equivalent to saying that defendants owed a legal duty to signal the plaintiff of his intention to turn off the paved highway into the road, and that defendants neglected to perform that duty and that plaintiff's damages were the proximate result of such neglect to perform that duty, under the circumstances as presented by the evidence in this case. To this contention we cannot agree. Both drivers in this case had equal rights to the use of the highway; the defendant's truck was in pursuit of a legitimate business, it had the right to turn off the highway to its plant and to make the left-hand turn, as it did, and when the driver had no knowledge whatever that plaintiff was about to pass him, he owed no duty to give the right of way to plaintiff's vehicle. The question of the rights of two automobiles, being driven along the public roads, in the same direction, has never been passed upon in this jurisdiction. as we understand it, and attorneys for the parties have furnished no citations in their briefs, but the Supreme Court of Kansas, in the case of Watkins v. Byrnes, 117 Kan. 172, 230 Pac. 1048, sustained a judgment for damages by the owner of a mule-drawn wagon, which was proceeding in front of and on the left-hand side of the road of a motor-driven vehicle, and the driver of the automobile had sounded his horn indicating a desire to pass, but the signal was not heard by the occupants of the wagon and it was not turned to the right, but the automobile was turned to the left against the wagon, tipping it over, causing the injury for which the action was brought, and the court held, in that case, that such facts were sufficient to sustain a find-

ing that the collision was due to the negligence of the driver of the automobile. The positions being reversed in this case, the driver of the rear automobile has recovered judgment against the owner and driver of the truck that was preceding her, and, in the second paragraph of the syllabus in the Kansas case, supra, the Supreme Court held:

"Where two vehicles are traveling in the same direction, and the rear driver gives a signal that he desires to pass, and there is not room for passage on the left, it is the duty of the driver of the front vehicle, if practicable and safe, to turn aside so as to leave room on the left for passage, but he is not necessarily negligent if he does not so turn, where he does not hear the signal nor know of the purpose to pass, or where it is not practicable and safe to turn aside when the signal is given."

Every phase of this branch of the case seems to have been covered in the case of Government Street Lumber Co. v. Ollinger (Ala.) 94 South. 177, where it was said in the syllabus:

"When two automobiles are being driven along a public road in the same direction, the driver of the front car owes no duty to the rear car except to use the road in the usual way, and until he had been made aware of it, by signal or otherwise, he may assume, either that there is no other automobile in his rear, or that, being there, it is under such control as not to interfere with his free use of the road in any lawful manner.

"Where two automobiles are traveling the public road in the same direction, the one ahead has the superior right, and it is only on request or equivalent notice that he must turn aside so as to leave sufficient room for the rear car to pass.

"A driver of an automobile on a public road, upon approaching another automobile from the rear, must look out for the man ahead, and must have his machine well in hand to avoid injuring the car ahead, so long as the man ahead is driving in accordance with his rights.

"If two automobiles are traveling in the same direction along a public highway and the driver of the rear car wants to pass, he must not only sound his horn, but before attempting to pass, he must be reasonably assured that the driver ahead knew he was behind, had heard the request and accorded the right of way, before the driver of the car ahead can be charged with negligence in failing to give the right of way by reason of an usual use of the roadway.

"Where two automobiles were traveling in the same direction along a public highway, and the rear car attempted to pass the first one just as it was turning to the left out of

the highway, and was injured, the driver of the front car was not guilty of negligence in turning to the left without signaling if he did not know of the approach of the rear car."

Under the circumstances of this case, we are forced to conclude that there was no legal duty due to the plaintiff violated by the defendants in this case, and that, under the authorities above cited, there was no primary negligence of defendants shown by the plaintiff in this case and that, while it was a regretable accident, we are compelled to hold that there was no actionable negligence shown, and the court should have sustained the demurrer to the sufficiency of the evidence of plaintiff in this case, and there was not sufficient evidence to sustain the verdict given, and we are, therefore, of the opinion that the judgment of the lower court should be reversed, with instructions to sustain the demurrer to the sufficiency of the plaintiff's evidence and render judgment in favor of the defendants for their costs.

By the Court: It is so ordered.

Note.—See under (1) 29 Cyc. p. 639. (2) 29 Cyc. pp. 419, 420. (3) 28 Cyc. p. 28. (4) 28 Cyc. p. 30 (Anno); anno. 24 A. L. R. 507; 13 R. C. L. p. 276; 3 R. C. L. Supp. p. 36; 5 R. C. L. Supp. p. 690. (5) 38 Cyc. p. 1547.