**INDIAN TERRITORY ILLUMINATING OIL CO. et al. v. JOHNSON.**

No. 26147. June 2, 1936.

Rehearing Denied June 23, 1936.

Donald Prentice and Butler & Brown, for plaintiffs in error.

O. A. Cargill and W. R. Graalman, for defendant in error.

CORN, J. This appeal is prosecuted by the Indian Territory Illuminating Oil Company, a corporation, and M. Moore, as plaintiffs in error, against J. A. Johnson, defendant in error, from a judgment rendered against them for personal injuries incurred in an automobile collision, the judgment having been rendered on October 4, 1934, by the district court of Oklahoma county. The parties will be referred to as they appeared in the trial court; J. A. Johnson, defendant in error, as plaintiff, and the plaintiffs in error will be designated as defendants.

Plaintiff alleges that on or about the 26th day of October, 1933, about 8:00 o'clock a. m., said plaintiff was driving east on Ash avenue about one-half mile east of Eastern avenue in the southeast part of Oklahoma City, that he was driving a Buick coupe in a careful and prudent manner, and that the defendant Indian Territory Illuminating Oil Company, by and through its agent, M. Moore, was driving a Ford coupe, 1930 model, in the same direction in the center of the highway. That the plaintiff herein overtook the defendant M. Moore and started to pass the car belonging to the defendant Indian Territory Illuminating Oil Company on the left-hand side. That said plaintiff sounded a warning with his horn, and as the front wheels of plaintiff's car were parallel with the rear wheels of the defendant's car, the defendant M. Moore, acting for and on behalf of himself and for and on behalf of the defendant Indian Territory Illuminating Oil Company as their

agent, servant, and employee, without giving any prior warning of his intention to do so, made a sharp turn to the left to go into a leasehold owned by the Indian Territory Illuminating Oil Company, and in order to avoid a broadside collision the plaintiff was forced to turn his car sharply to the left and into a ditch about six feet deep, receiving the injury which will be hereinafter more specifically set out.

Plaintiff further alleges that the defendants and each of them were negligent in failing to give any warning or signal of an intention to make a left turn, and that the defendant M. Moore, acting for and on behalf of himself and as agent for the Indian Territory Illuminating Oil Company, was further negligent in deliberately driving the car which he was operating across the road after plaintiff's warning of his intention to pass said automobile, and that the negligence hereinbefore set out was the proximate cause of the injury complained of.

Plaintiff further alleges that by reason of the negligence on the part of the defendants and each of them he received a fracture of the patella or kneecap on his right leg, and that by reason thereof he is totally and permanently disabled, and that he is unable to perform any kind of gainful labor, and that at the time he received said injury he was employed as a roustabout earning $100 per month, and that he was damaged in the sum of $15,000.

The defendant M. Moore, by his separate answer to the plaintiff's petition, denies singularly and all the allegations contained in said petition, except that an accident occurred between the car in which he was riding and the Buick car being driven by the above-named plaintiff on October 26, 1933.

For further answer and defense this defendant states that if the plaintiff sustained the damage and injuries as set forth in his petition, which is specifically denied, the said damage and injury was occasioned solely by reason of his own negligence in that he failed to exercise ordinary care for his own safety.

Further answering and for defense, defendant states that it was the duty of the said plaintiff, J. A. Johnson, to at all times have his car under control and keep a proper lookout for traffic ahead; that at the time and place set forth in said plaintiff's petition, said plaintiff failed to do this; therefore, the defendant says that if he were in any wise negligent, which is specifically denied, the conduct on the part of the plaintiff, as referred to herein, either caused or contributed to the accident complained of, and by reason of which he is not entitled to recover.

The answer of the Indian Territory Illuminating Oil Company, filed at the same time, is as follows:

"Comes now the defendant, Indian Territory Illuminating Oil Company, a corporation, and for its separate answer to the plaintiff's petition on file herein denies singularly and all the allegations contained in the plaintiff's petition except that it is a corporation licensed and doing business as set forth in plaintiff's petition.

"For further answer and defense defendant states that if the plaintiff sustained the damage and injuries as set forth in his petition, which is specifically denied, the said damage and injury was occasioned solely by reason of his own negligence in that he failed to exercise ordinary care for his own safety.

"Further answering and for defense, defendant states that it was the duty of the said plaintiff, J. A. Johnson, to at all times have his car under control and keep a proper lookout for traffic ahead; that at the time and place set forth in said plaintiff's petition, said plaintiff failed to do this; therefore, the defendant says that if it or its agent were in any wise negligent, which is specifically denied, that the conduct on the part of the plaintiff as referred to herein either caused or contributed to the accident complained of, and by reason of which he is not entitled to recover."

The issues thus joined, the cause was tried to a jury, and a verdict was rendered for the plaintiff.

The defendants' third specification of error raises a question of sufficient importance upon its face to entitle it to consideration, but when viewed in the light of the record is of no merit and can be of no avail to them, as may readily be seen from an examination of the record. Said specification and the instruction of the court involved therein are as follows:

"The trial court in instruction No. 12 instructed the jury to consider a purported act of negligence on the part of defendants which was not pleaded in the petition, not within the purview of the facts set out in the petition, and not justified by the evidence, all of which was prejudicial to the rights of the defendants."

Instruction No. 12, given by the court and excepted to by the defendants, reads as follows:

"You are instructed that the statutes of this state provide that all motor vehicles, before passing other vehicles from the rear, shall give notice of approach · by horn or other signal before passing, provided that said vehicle shall be required when signaled to turn to one side and give half of the road. The statutes further provide that all vehicles turning to the left into another road, shall pass around the center of the intersecting road before turning.

"You are further instructed that if you believe from the evidence in this case, by a preponderance thereof, that the defendant Moore, in turning to the left, did not pass around the center of the intersecting road which he was attempting to turn into, and such failure was the proximate cause of the injury complained of, then your verdict should be for the plaintiff. You are further instructed that if you believe from the evidence that the plaintiff, before attempting to pass the car from the rear in which the defendant was riding, did so without giving notice of his approach by horn or other signal and that such failure was a proximate cause of the injury complained of or contributed thereto, then your verdict should be for the defendants."

The defendants admit that the instruction is a correct statement of the law, and admit that a violation of the statute (St. 1931, sec. 10327) is negligence per se, and is actionable if shown to be the proximate cause of an injury. But they contend that if the plaintiff desires to recover against the defendants for a violation of the statute, he must plead a violation thereof or plead facts showing a violation thereof and injury resulting therefrom.

It is true that the plaintiff made no allegations in his petition concerning the defendant's failure to pass around the center of the intersecting road, and that no facts were shown from which it could be inferred that he intended to base his claim for damages upon a violation of the statute, and it is obvious that said instruction is not applicable to any issue raised by the plaintiff's petition or any evidence introduced by the plaintiff. The record discloses that the defendants pleaded contributory negligence on the part of the plaintiff as a defense to the action, and introduced evidence to show that the accident causing the injury occurred at an intersection of the road at which point the defendant Moore had the right of way to make a left turn upon the intersecting road, and the plaintiff was guilty of negligence in trying to pass at the intersection where the defendants' car was about to make a left turn upon the intersecting road. The defendants introduced in evidence photographs of the intersection and had a wit-

ness mark thereon the position of the cars at the time of the accident. Unquestionably, the court was not only warranted in giving the instruction, but it was his duty to do so under the pleadings and evidence of the defendants; therefore, the defendants are not in a position to object to the same.

In the case of McIntire v. Burns, 172 Okla. 152, 42 P. (2d) 143, and in other cases, this court has held:

"It is the duty of the trial court upon his own motion to properly instruct the jury upon the decisive issues formed by the pleadings and the evidence, and a failure to do so constitutes reversible error."

The defendants' second specification of error is as follows:

"The evidence of the plaintiff conclusively proves the collision was caused by plaintiff's primary negligence and not by any act or omission of the defendants or either of them; that the defendants were guilty of no breach of duty to the plaintiff, and their demurrers to the evidence should have been sustained. Hence, this court ought to direct the trial court to dismiss this action at the cost of plaintiff."

A part of the testimony of the plaintiff is as follows:

"Q. When you honked your horn, what if anything did the driver of that car do? A. He just looked back at me and then he turned his head and whirled right in front of me. Q. Did you have knowledge at all he was going to turn in the highway or road there? A. No, sir. Q. Did this fellow when he turned back, could you see he looked and could see you? A. He looked right back at me. I don't see what would keep him from seeing me. Q. How far were you from this car when you claimed you blew the horn? A. Well, I was probably twelve or fifteen feet behind it just when · I pulled out and got over on the side of the road and as I started to pass I honked my horn. Q. When you got out to go around him or when you started around him? A. When I pulled out to go around him I honked my horn. Q. How far were you back west before you pulled over to go around him? A. Thirty steps I guess or something like that. Q. And you say you were about fifteen feet back of him when you blew the horn the first time? A. Yes, sir. Q. When do you claim he looked around and saw you? A. When I honked my horn. Q. How do you know he saw you? A. He looked right at me."

A part of the court's instructions is as follows:

"You are further instructed that if you believe from the evidence that the plaintiff, before attempting to pass the car from the

rear in which the defendant was riding, did so without giving notice of his approach by horn or other signal and that such failure was a proximate cause of the injury complained of or contributed thereto, then your verdict should be for the defendants."

This testimony which we have hereinbefore quoted is sufficient to distinguish it from and take the case out of the rule laid down in the case of Smith v. Clark, 125 Okla. 18, 256 P. 36, relied on by defendants for a reversal. In that case the parties were driving in the same direction upon the public highway, and the defendant was in the truck ahead and he turned to the left of said highway into a road, and when he turned to the left plaintiff's car ran into the left rear part of defendant's truck, and the court in reviewing the evidence most favorable to the plaintiff said:

"Plaintiff testified that she could not tell just how much noise the truck was making, but she knew it was making a lot of noise, as she could hear it; that she was not at the time 'paying any mind' to the road leading to defendant's plant. * * *

"There is nothing in the record to indicate that the driver of the truck ever heard the sound of plaintiff's horn or that he knew plaintiff was following his truck, but on the contrary the uncontradicted evidence of F. M. Figg, the driver of the defendant's truck, is that he did not hear any signal, and the first intimation he had that plaintiff was anywhere in the vicinity of his truck was when he felt the impact of her car against the left rear end of his truck. * * *"

This quotation from the opinion of the case of Smith v. Clark, supra, shows that the court held there was no testimony of primary negligence because same failed to show the driver of defendant's truck knew of the approach of plaintiff's car, but the testimony hereinbefore quoted in the instant case shows that the plaintiff blew his horn when he was some 15 feet behind the automobile of the defendant; that he started to go around after giving such signal, and that after such signal the defendant Moore, having heard the signal, turned around and looked at the plaintiff in his automobile and thereafter drove some ten to 15 feet in the same direction and immediately deliberately turned to the left at a right angle to enter an intersecting road: thus clearly establishing actual knowledge on the part of the driver of the defendant's car of the approach of the car in the rear.

The court in the case of Smith v. Clark, supra, reversed that case upon the fact of lack of knowledge on the part of the driver of the truck of the existence of the car in the rear, but in the instant case it was proved that the driver of the car ahead did have knowledge of the existence of the car in the rear and that such car was contemplating passing the defendant's car. The denial of the fact by the driver of the front car that he heard the horn and that he looked around makes it a question of fact for the jury to determine which of the witnesses was speaking the truth, and the jury found that the testimony of the plaintiff was true and that he was not guilty of contributory negligence precluding him from recovery, and there was sufficient primary negligence on the part of the defendant to warrant a finding of liability.

There are other specifications of error, but they are without substantial merit. The judgment of the trial court is therefore affirmed.

McNEILL, C. J., OSBORN, V. C. J., and BUSBY, WELCH, and PHELPS, JJ., concur. RILEY and BAYLESS, JJ., absent. GIBSON, J., dissents.