## Y. & Y. OPERATING CO. et al. v. PUGH.

No. 26446. Feb. 9, 1937.

Welcome D. Pierson and George F. Short, for plaintiffs in error.

W. P. Morrison, R. R. McCornack, R. J.

Watson, and John Morrison, for defendant in error.

CORN, J. This is an appeal by the Y. & Y. Operating Company, a corporation, H. Neeley, and Jack Neeley, defendants in the trial court, from an order of the district court of Oklahoma county overruling their separate motions for a new trial in a personal injury action wherein the jury returned a verdict in favor of Pauline Pugh, plaintiff in the trial court, and against all of said defendants, for the sum of $1,500.

The parties will hereafter be referred to as they appeared in the trial court.

The plaintiff alleged in her petition, in substance: That on or about the 27th day of June, 1934, she was riding in the front seat of an automobile driven by her husband, J. D. Pugh, in a westerly direction, on the right-hand side along West Main street, in Oklahoma City, in the 500 block thereof; that at said time and place, the defendant Jack Neeley was driving a Y. & Y. Cab No. 55, and while acting within the scope of his employment and acting as the agent and servant of the defendants H. Neeley and the Y. & Y. Operating Company, said defendant was operating and driving said cab in a westerly direction along said Main street, and was driving said cab to the right of the automobile in which this plaintiff was riding; that when the cab, being operated by said defendant, arrived at the end of the 500 block on West Main street, where North Dewey intersects Main street, the said defendant, Jack Neeley, turned said cab to the left in an attempt to make what is commonly known as a U-turn and drove the cab into and against the said automobile in which she was riding and caused her to be violently thrown around and against parts of the automobile, whereby she was injured. That the defendants failed and neglected to give the proper signal for a left-hand turn, as provided by ordinance No. 3591, section A-10, of the city of Oklahoma City, in that the said driver of said cab did extend his arm outward and downward, which is the signal for a stop; and made an improper turn in violation of ordinance No. 3591, section A-7, of said city. That defendants wholly failed and neglected to keep the proper lookout for people or the property of others who might be using the said street.

That the defendants carelessly and negligently totally disregarded the property and lives of others, and particularly this plaintiff, and at a high and reckless rate of speed drove said taxicab into and against the right side of the automobile in which she was riding; and asked for damages in the sum of $26,150.

The answer of the defendants is in substance as follows:

"Said answering defendants, and each of them, deny generally and specifically each and every affirmative allegation contained in said petition.

"Further answering and for further defense said answering defendants, Y. & Y. Operating Company and H. Neeley, deny that plaintiff sustained any injuries or damages either temporary or permanent as alleged in her petition or that plaintiff has or will sustain any disability by reason of the matters complained of therein, and further allege and say that the injuries to plaintiff referred to in her petition, if any existed, all of which is not admitted, but is specifically denied, have now been entirely cured and corrected, and plaintiff has entirely recovered therefrom and that said injuries were not caused solely and entirely by reason of the matters complained of in plaintiff's petition, but were caused to a certain extent by and from some other source than the matters complained of therein. * * *"

A reply was filed by the plaintiff, which in effect was a denial of the material parts of the answer.

Upon the issues so joined, the cause was tried to a jury, and said jury returned a verdict for the plaintiff in the sum of $1,500.

Defendants' first assignment of error is that plaintiff's evidence fails to establish any primary negligence on the part of the defendants, contending that the case of Smith v. Clark, 125 Okla. 18, 256 P. 36, is controlling and decisive in so far as the instant case is concerned on the question of primary negligence.

In Smith v. Clark, supra, the facts were about as follows: The plaintiff was driving a Ford sedan automobile along the public highway between Tulsa and Sand Springs, Okla., at a rate of speed of about 15 miles an hour, and the truck, which was being used for hauling sand for the defendant company and which at the time of the accident was going to the plant for a load of sand, was moving at a speed of six or seven miles an hour. Plaintiff sounded her horn as she approached the truck, and the driver of the truck gave no sign that he intended to turn, but, as plaintiff approached, turned the truck to the left and into an intersecting road leading to the defendant's plant, and plaintiff's car ran into the left side of of the rear end of the truck.

In holding that the plaintiff had failed to establish primary negligence on the part of the defendant this court said:

"There is no special statute law of this state requiring a driver of a motor vehicle to give a signal or warning to the driver of a car approaching from the rear, on a public highway, and the only statute regulating driving and operating motor vehicles is found in section 2, chap. 16, page 21, Sess. Laws 1923, which requires that the vehicle should be driven in a careful and prudent manner and at an ordinary rate of speed, having due regard for the traffic and use of the highway and for the safety of pedestrians or property and drivers or operators of other vehicles, and that he shall not drive such vehicle at a rate of speed in excess of 35 miles an hour and in certain places not more than 15 miles an hour. * * *"

The court further said:

"Under the pleadings in this case, the plaintiff claims, in her petition, that the driver of defendant's truck made a left-hand turn off the pavement, without giving any warning of hand, arm, or horn, or any sign whatever, abruptly and into the byroad leading to defendant's plant, without alleging that defendants knew of plaintiff's presence, which was equivalent to saying that defendants owed a legal duty to signal the plaintiff of his intention to turn off the paved highway into the road, and that defendants neglected to perform that duty and that plaintiff's damages were the proximate result of such neglect to perform that duty, under the circumstances as presented by the evidence in this case. * * *"

In the above-cited case it was pointed out that there was no statute requiring the driver of the leading car to give any signal or notice as to his intention to make a left turn. In the instant case it was pleaded and proved that the ordinances of Oklahoma City required the driver of an automobile upon the city street to signal his intention to make a left turn by extending his left arm horizontally. There was evidence in the instant case that the cabdriver failed to make any signal whatever prior to his attempt to turn, while the plaintiff, herself, testified that the cabdriver gave a signal with his left arm indicating his intention to stop.

The law is so well settled as to need no citation of authority that the violation of a statute or ordinance is negligence per se, and that if such negligence is the proximate result of an accidental injury, the violation of the statute or ordinance alone is sufficient to sustain a recovery.

In the instant case the accident occurred upon a city street and not upon a public highway out in the country, as was the case in Smith v. Clark, supra. In that case this court said that the driver of the leading car had the right to assume that the road was clear. Such is not the case where the driver is operating his car upon a city street where crowded traffic conditions exist and where he must know that there are numbers of cars on the street behind, in front, and to the side of him.

Reviewing the evidence in the instant case, the cab and the car in which plaintiff was riding were proceeding down Main street in a westerly direction, the Pugh car was in the inside lane of traffic slightly to the rear of the front part of the cab and about even with the rear wheel of the cab. According to the plaintiff's evidence, the cab, as it neared the intersection, turned to the right and the cabdriver indicated his intention to stop. There were several people standing near on the sidewalk, and it appeared to the plaintiff that the cab was preparing to stop to pick up these people as passengers. Then, after turning to the right, the cab suddenly and without any warning, turned to the left, and as a result the right front part of the Pugh car came in contact with the left front of the cab.

Plaintiff's evidence is to the effect that the cabdriver failed to project his arm from the cab at right angles to indicate his intention to make a left turn, in direct violation of a city ordinance requiring that such signal be given. Plaintiff's witnesses also testified that the cabdriver was not keeping any sort of lookout for cars in the street, but was looking back over his shoulder at them while the cab was proceeding into the left turn.

Jack Neeley, one of the defendants, called as a witness for all defendants, testified as follows: That he was the driver of the taxicab involved in this accident. that immediately prior to the time the accident occurred he had stopped at the Hightower Building, where he delivered a passenger; that he then drove west on Main; that when he reached the intersection of Dewey and Main he indicated his intention of making a U-turn by holding his arm out straight; that before he commenced making this turn he looked in the mirror of his taxicab to see whether or not a car was coming from behind; that after giving the signal for a U-turn he swung out to the right and started making the turn; that after reaching the center of the intersection he started looking to the right to see if any cars were coming from the right; that about that time

his cab was stuck by Mr. Pugh's car; that he never saw Mr. Pugh's car until it struck him.

The cabdriver was palpably negligent in first turning his cab to the right and in indicating his intention to stop and then turning suddenly to the left, giving no signal as required by the city ordinances of Oklahoma City. Under all the circumstances, it was a question for the jury whether the cabdriver was negligent and whether his negligence was a proximate cause of the plaintiff's injury.

The defendants next contend that the evidence is insufficient to support a verdict for the sum of $1,500. Defendants state: "The record in this case contains considerable evidence which is more or less incompetent when we consider the conflict of medical testimony."

We agree there is a sharp conflict of medical testimony, but that was a matter disposed of by the jury under the well-settled rule of this court that the verdict of the jury will not be disturbed by this court if there is any evidence reasonably tending to support the same.

Defendants further contend that the court erred in giving instruction No. 12, which is as follows:

"The proximate cause of an injury as that expression is used in these instructions means the cause which in natural and continuous sequence produces the injury and without which the result could not have happened."

Defendants contend that the giving of this instruction was error because the court omitted to say that the cause should have been foreseen by a person of ordinary intelligence and prudence. If the cause, naturally and in continuous sequence, produced the injury, it is obvious that a person of ordinary intelligence and prudence would have foreseen that the injury would have been produced.

The trial court's definition of proximate cause is in accord with the definitions of proximate cause approved by this court.

In Lusk v. Pugh, 71 Okla. 182, 159 P. 855, the court defines proximate cause as follows:

"The proximate cause of an event must be understood to be that which in the natural and continuous sequence unbroken by any independent cause produces that event and without which that event could not have occurred."

This was exactly what the trial court in-structed the jury in the instant cause. The judgment is affirmed.

OSBORN, C. J., and BUSBY, PHELPS, and HURST, JJ., concur.