## SEARS, ROEBUCK & CO. v. ROBINSON.

No. 27951.  April 26, 1938.

Rehearing Denied July 14, 1938.

254

Ames, Cochran, Monnet, Hayes & Ames, for plaintiff in error.

Ross N. Lillard, for defendant in error.

HURST, J. This is an action for personal injuries resulting from an automobile accident. The facts are as follows: One Walter Clem was authorized to and did employ plaintiff and also Justin Tiner and Joes Havens to distribute handbills for defendant Sears, Roebuck & Co. A car, owned by defendant Woodward. who was also in the employ of Sears, Roebuck & Co., and who received pay based on mileage for its use, was used by Walter Clem to drive plaintiff and his associates from place to place to distribute the handbills. The accident, the damages for which this suit was brought, occurred while Clem, Tiner, Havens, and plaintiff were on the highway en route to some oil company camps, where the handbills were to be distributed. Clem was driving the car on the right side of the road going in a northerly direction. He turned across the highway to the left to go upon a dirt road going in a westerly direction, and as he did so the car he was driving was struck by another car which was also going in a northerly direction, and which was behind Clem's automobile. Plaintiff was injured as a result of the collision.

The trial court sustained defendant Woodward's demurrer to the evidence. and he is not involved in this appeal. Verdict and judgment were for plaintiff, and defendant Sears, Roebuck & Co. has appealed, making seven assignments of error, which are briefed and presented in three propositions.

■ The first contention of defendant is that there was no proof of primary negligence on the part of the driver of the car in which plaintiff was riding. The case of Smith v. Clark (1926) 125 Okla. 18. 256 P. 36, is cited in support thereof. In that case, the court held that the driver of the car ahead was not guilty of negligence in turning to the left without signaling, if he did not know of the approach of the rear car. The court held that there was nothing in the record to "indicate" that the driver of the front vehicle heard the horn, or knew of the approach, of the rear car.

Plaintiff, however, asserts that the case of Indian Territory Illuminating Oil Co. v. Johnson (1936) 177 Okla. 288, 58 P.2d 888, is controlling here. In this case, the driver of the rear car testified that he honked his horn and that the driver of the front car turned around and looked at him. This was denied by the driver of the front car. This court held the evidence sufficient to submit to the jury the question of whether the driver of the front car knew of the approach of the other car.

In the instant case, plaintiff and Tiner, who were riding in the front car with Clem, the driver, testified that they heard the driver of the rear car honk his horn when he was about 15 to 25 feet behind them, and further testified that they heard the car behind them skidding from applying the brakes. Clem testified he heard the skidding of the rear car, but not until it was too late to get out of the way; that he did not hear the horn or see the car approaching from the rear. We believe the rules announced in the Johnson Case. supra. applicable here, and hold that there was competent evidence upon which the jury could determine whether Clem heard the signal given by the driver of the rear car, and the trial court committed no error in submitting this question to the jury.

■ Defendant next contends that the trial court erred in overruling its motion for an instructed verdict because the driver of the car was a fellow servant of the plaintiff, for whose negligence defendant would not be liable. Plaintiff. in answer thereto, contends that Clem was not in fact his fellow servant, but was a vice principal or superior servant for whose negligence the master is liable.

We have carefully considered the cases cited by the parties in their briefs, and in addition have made an independent research on the question presented by the defendant's contention that Clem and plaintiff were fellow servants, thereby relieving the master of liability for Clem's negligence in operating the car. Our research has disclosed that the courts of the different states have adopted theories relative thereto that are absolutely irreconcilable. Under the view we take of the case, however. it becomes unnecessary to determine whether Clem and plaintiff were fellow servants at the time of the accident.

In the case of Cushing Refining & Gasoline Co. v. Deshan (1931) 149 Okla. 225, 300 P. 312, a situation arose that is closely analogous to the present one. Therein, the decedent was in the employ of defendant, the place of employment being some distance in the country. Under defendant's custom of carrying on its business and under its agreement with decedent, it conveyed the latter from his home to his place of employment and from his place of employment to his home. On the night of the accident, the field superintendent of defendant, in performance of his duties to the defendant, was conveying decedent from his place of employment to his home in an automobile belonging to defendant and furnished by it for that purpose. Due to the driver's negligence, an accident occurred wherein the deceased employee was killed. While some contention arose in the case relative to the condition of the car, the decisive question was whether or not the death of decedent was caused by the negligence of the defendant, acting through its agent and employee. Verdict and judgment were for plaintiff, decedent's widow and next of kin, and the judgment was affirmed by this court. Error was claimed, among other things, because of the trial court's instruction No. 5 which told the jury that if, at the time of decedent's death, the defendant either by custom or consent had undertaken to and was transporting the decedent from his place of work as an employee of defendant to his home, then it was the nondelegable duty of the defendant to use ordinary care to furnish decedent with reasonably safe transportation from his place of work to his home; and that the negligence of the driver was the negligence of the defendant. Instruction No. 9 informed the jury that when a master, either by custom or consent, undertakes the duty of furnishing an employee with transportation between the employee's place of work and his home, it is the master's duty to use ordinary care to furnish the employee with reasonably safe transportation and to use ordinary care to protect him from injury during said transportation, and that a failure to use such ordinary care by the defendant would be negligence and would render the defendant liable to the plaintiff if such negligence directly and proximately caused or contributed to the death of decedent. Both of the foregoing instructions were approved by this court as announcing the correct rule upon the subject.

It can be seen by a close analysis of the instructions that no difference was made by virtue of the fact that while driving the car, the superintendent, whose negligence was the proximate cause of decedent's death, was or was not a fellow servant of the decedent. The theory of the court's decision, when viewed in connection with the facts of the case, is that when the master, by contract or custom, owes the duty to his servant to transport him to and from his work, he is charged with the responsibility of using reasonable and ordinary care not only to provide him with a reasonably safe means of transportation, but also to protect him from injury during such transportation. The duty to protect him from injury during the transportation is as much a nondelegable duty of the master as to provide him a reasonably safe means of transportation.

We approve that doctrine. The same principle of law was applied to facts similar to those in the instant case by the Supreme Court of Minnesota in the case of Headline v. Great Northern Ry. Co. (1910) 128 N. W. 1115, wherein it was held:

"A contract obligation rested upon the defendant to safely transport the deceased to the place where it required him to work. Whether he was strictly a passenger while being so transported is immaterial, for by virtue of its contract it was the absolute duty of the defendant to exercise due care to secure his safe transportation. The negligence of the engineer and conductor was its negligence."

The record of this case discloses that defendant assumed the obligation to transport plaintiff from place to place to distribute handbills. Whether this obligation accrued by contract, express or implied, or custom, is immaterial. Under either theory, defendant owed plaintiff the duty to use ordinary care in transporting him from place to place; and this duty or obligation cannot be escaped by the fact that it was delegated to another employee of the defendant.

We therefore hold that the trial court committed no error in refusing to sustain defendant's motion for an instructed verdict on the theory that Clem and plaintiff were fellow servants.

■, Defendant contends, further, that the trial court erred in admitting over its objection evidence respecting statements made by the driver of the car in which plaintiff was riding, relating to the condition of said car, and in instructing the jury concerning the effect of such evidence.

The trial court permitted Tiner to testi-

fy over defendant's objection that Clem, several days after the accident, told him that the car was "pretty hard to guide." no evidence was produced by plaintiff showing that Clem was the agent of the defendant at the time the alleged admission was made, or that if he was an agent, he was acting within the scope of his authority. In its instruction No. 11, the court informed the jury, among other things not pertinent here, that to hold for plaintiff it must find that the driver of the car in which the plaintiff was riding was an employee of the defendant and was negligent in the operation of the motor vehicle at the time of the accident, or that the vehicle in which plaintiff was riding was furnished by the defendant company as its duly authorized agent and said car was defective in its mechanism and that such defect in the mechanism was the direct and proximate cause of the accident and resulting injury to the plaintiff, if any.

It can be seen that the jury, under the foregoing instruction, could have returned its verdict for plaintiff on finding either that the driver of the car was negligent or that the defendant furnished a defective car. A general verdict for plaintiff was returned, and it is therefore impossible to ascertain upon which theory the jury found that defendant was liable to plaintiff for his damage.

The only evidence in the record upon which the jury could have based its finding that the car was defective was that of Tiner above referred to, and this testimony was clearly inadmissible because it was not shown that Clem was an agent of defendant acting within the scope of his employment in making the admission in question. Pierce Oil Co. v. Myers (1926) 117 Okla. 161, 245 P 863. Furthermore, the testimony, even if Clem were an agent of defendant at the time of the statement, is hearsay evidence, not being part of the res gestae, and its admission was prejudicial error. C., R. I & P. Ry. Co. v. Foltz (1916) 54 Okla. 556, 154 P. 519; Schaff v. Coyle (1926) 121 Okla. 228, 249 P. 947; Wrightsman Petr. Co. v. Schwartz (1932) 157 Okla. 22, 10 P.2d 695. See. also, State Nat. Bank v. Roseberry (1915) 46 Okla. 708, 148 P. 1034.

Reversed. and remanded for new trial.

BAYLESS, V. C. J. and RILEY, CORN, GIBSON, and DAVISON, JJ., concur. PHELPS, J., dissents to conclusion. OSBORN, C. J., and WELCH, J., absent.