WILSON & CO., Inc., v. CAMPBELL.

No. 31600.   April 3, 1945.

*157 P. 2d 465.*

Swank & Swank, of Stillwater, for plaintiff in error.

Brown Moore, K. D. Greiner, and Guy L. Horton, all of Stillwater, for defendant in error.

PER CURIAM. This action was commenced by Wilson & Company, hereinafter called plaintiff, to recover damages to a truck owned by the plaintiff sustained in a collision with an automobile driven by H. C. Campbell, hereinafter called defendant.

The defendant filed an answer and cross-petition and upon trial to a jury a verdict was returned for $2,000 in favor of the defendant and against the plaintiff. Judgment was entered thereon, and this appeal is brought to review the alleged errors in the rendition thereof.

The record discloses that plaintiff's agent, Fred Phillips, was driving a truck owned by the plaintiff and was driving south on Duncan street in Stillwater, Okla., where a collision occurred at the intersection of Duncan and Eighth streets. The truck struck the defendant's automobile slightly to the right of the front door and the automobile was hurled on to the southwest corner of the intersection of the streets and the truck was driven a few feet down the street under its own power and parked on the north side of Duncan street, where photographs were taken. The defendant testified that his automobile entered the intersection at a speed of eight or ten miles an hour, and that Fred Phillips, the agent of the plaintiff, was driving at a speed of from 35 to 40 miles an hour. The plaintiff's witnesses testified that Phillips, the driver of the truck, approached the intersection at a speed of eight or ten miles an hour and saw the defendant driving at an approximate speed of 35 or 40 miles per hour.

There was a slow sign indicating the commencing of a school zone against both the driver of the truck and the driver of the automobile.

It is first argued that there is no evidence of any violation of a duty on the part of the plaintiff. It may be seen by a review of the brief facts above that the testimony is in hopeless conflict. It is well settled by the decisions of this court that where a given set of facts is such that reasonable men may fairly differ upon the question as to whether there was primary negligence on the part of the defendant, the determination of the matter is one for the jury. Dickinson v. Granbery, 71 Okla. 9, 174 P. 776; St. Louis-S. F. R. Co. v. Loftis, 25 Okla. 496, 106 P. 824. We are of the opinion, and hold, that the verdict of the jury is sustained by competent evidence reasonably tending to disclose negligence on the part of the plaintiff.

It is next argued that the uncontroverted evidence clearly shows contributory negligence on the part of the defendant. Plaintiff cites in support of this question Metropolitan Ry. Co. v. Fonville, 19 Okla. 283, 91 P. 902, and Scott v. Fulsom-Morris Coal Mining Co., 138 Okla. 147, 280 P. 622. Metropolitan Ry. Co. v. Fonville was a decision prior to the effective date of our constitutional provision. Scott v. Fulsom-Morris Coal Mining Co., supra, holds that before the question of contributory negligence can be submitted there must be evidence of primary negligence on the part of the plaintiff. Contributory negligence, under the plain provisions of article 23, sec. 9, of our Constitution, is a question of fact in all cases to be determined by the jury. Midland Valley Ry. Co. v. White, 109 Okla. 60, 234 P. 762; St. Louis-San Francisco R. Co. v. Robinson, 99 Okla. 2, 225 P. 986.

It is next argued that the judgment is excessive. This is based upon the assumption by the plaintiff that there is no evidence of any injury as a result of the collision which would incapacitate the defendant. Qualified medical experts testified that in their opinion the defendant sustained an accidental injury, and one of the physicians testified that in his opinion the injury was permanent. Their testimony tended to disclose that the defendant had a back

injury, an injury to his leg and an injury to the nervous system. But it would make no difference whether the disability was permanent or temporary. There is no statutory requirement that a disability from a personal injury be permanent before payment can be made therefor, and to indulge in a philosophy that an injury which will get well is not cause for payment is to introduce a new argument in the basic law of this state. The defendant's car was damaged, his medical bills were rather extensive, and we hold that a verdict for $2,000 is not excessive in this case.

Finally it is argued that there was an improper demonstration before the jury. After the defendant had detailed the extent of his injuries and the doctors had testified, both as to their medical attention and their opinion of the condition of the defendant, he was permitted to demonstrate by the use of a pin or needle that there was a numbness in his leg due to the accidental injury. In this we find no error. A demonstration by an injured person in the presence of a jury by a physical act for the purpose of showing or illustrating the extent or effect of an injury, which goes further than a mere passive exhibition of an injured member or portion of the body, has been allowed in numerous instances where the court has satisfied itself of the propriety of such practice in the light of the facts presented. 20 Am. Jur. Evidence, § 724; Hall v. Inc. Town of Manson, 99 Iowa, 698, 68 N.W. 922; Graves v. City of Battle Creek, 95 Mich. 266, 54 N.W. 757, and Peters v. Hockley, 152 Ore. 434, 53 P. 2d 1059, 103 A.L.R. 1347 and annotations commencing at page 1355. We are convinced that the demonstration comes within the rule announced by this court that the permitting of an injured person to demonstrate before the jury is largely within the discretion of the trial court, and unless there has been an abuse thereof judgment for the injured person will not be reversed because of such demonstration. Shell Petroleum Corp. v. Perrin, 179 Okla. 142, 64 P. 2d 309. We find no error in the demonstration permitted in the case at bar.

In the reply brief filed herein plaintiff argues the error in giving instruction No. 7. This instruction is clearly erroneous and we are inclined to believe that it was an inadvertence. It is the type of instruction given ordinarily where the plaintiff is suing and the defendant has not filed a cross-petition. It instructs that if contributory negligence is shown the judgment should be for the defendants. The defendant in a rejoinder brief has attacked the proceedings of the plaintiff in raising this issue for the first time in this reply. We think there is a great deal of merit in the position of the defendant. Any inadvertence in this instruction was completely cured by the trial court's instruction No. 8, in which it pointed out the dual nature of the suit at bar.

The judgment of the trial court is affirmed.

GIBSON, C.J., HURST, V.C.J., and RILEY, OSBORN, BAYLESS, WELCH, CORN, and DAVISON, JJ., concur.