## BRENO v. WEAVER.

No. 34381. Nov. 12, 1952.

Rehearing Denied Jan. 27, 1953.

*252 P. 2d 487.*

Pierce, Rucker, Mock, Tabor & Duncan, Tulsa, for plaintiff in error.

Poe & Murdock, Tulsa, and Bassman & Bassman, Claremore, for defendant in error.

WELCH, J. Harley Weaver commenced action against Robert M. Rogers, Ethel L. Rogers and Earl Breno for damages, charging negligence of the defendants with resulting personal injuries to the plaintiff.

On trial it was shown that the plaintiff sustained certain injuries to his person when an automobile in which he was a passenger crashed into the rear end of a gasoline transport truck owned and operated by the defendants Rogers. According to testimony, the automobile was proceeding in a southerly direction in a right hand traffic lane along U. S. Highway 66, behind the gasoline transport truck, when the truck swerved toward the left traffic lane, then back into the right lane and then suddenly stopped. The automobile proceeded on, and with great violence struck the rear end of the truck. The driver of the truck gave no signal of intention to stop the truck. Ahead of the truck at the time it was brought to a stop and within a few feet of where the truck stopped, the defendant Breno's automobile was parked in the right hand traffic lane of the highway, and less than three feet to the right of the center of the road. At the time the truck was brought to a stop an automobile with a house trailer attached was proceeding northerly in the traffic lane to the left of the transport truck. U.S. Highway 66, at the place here involved, is a much traveled highway.

The defendants Rogers filed no pleadings in the case and were not present at the trial.

At the close of the evidence presented in behalf of the plaintiff, in substance as set out above, the defendant Earl Breno submitted a demurrer to the evidence. The court sustained the demurrer. The plaintiff thereafter submitted a motion for new trial, which was sustained. The defendant Earl Breno appeals from the judgment granting a new trial.

The defendant asserts:

"The court erred in granting a new trial because as a matter of law the plaintiff failed to make out a cause of action and there was no case to go to the jury in the first instance, nor is the

plaintiff entitled to try to make out a case again a second time."

The defendant contends the court properly sustained his demurrer to the evidence for the reason that contributory negligence was admitted by the plaintiff, and that this contributory negligence had a causal, contributing connection with the accident.

Whatever the state of facts presented by the evidence, the trial court was precluded by constitutional provision from holding the plaintiff guilty of contributory negligence as a matter of law. Wilson & Co. v. Campbell, 195 Okla. 323, 157 P. 2d 465; Elam v. Loyd, 201 Okla. 222, 204 P. 2d 280; Hugill v. Doty, 202 Okla. 391, 214 P. 2d 257.

Art. 23, §6, of the Constitution provides:

"The defense of contributory negligence or of assumption of risk shall, in all cases whatsoever, be a question of fact, and shall at all times, be left to the jury."

In the Hugill case, supra, we said:

"The defense of contributory negligence is at all times a question of fact for the jury, under section 6, article 23 of the Oklahoma Constitution, and it is error for the court to instruct the jury that a certain state of facts or circumstances constitute contributory negligence."

Accordingly, we hold that in the trial court's consideration of the defendant's demurrer to the plaintiff's evidence herein, it was immaterial that in plaintiff's own testimony and admission of certain facts it was made to appear that the plaintiff was or was not guilty of negligence which was or might have been a contributing cause of the accident. The sole question presented by the defendant's demurrer was whether there was or was not evidence in reasonable inference tending to show that the defendant was guilty of negligence, a proximate cause of the accident and injuries to the plaintiff. If there was evidence of defendant's negligence sufficient to go to the jury, it was error

for the court to sustain the defendant's demurrer.

The defendant contends the court properly sustained his demurrer to the plaintiff's evidence for the reason there was no showing of primary negligence on the part of the defendant.

In Union Transportation Co. v. Lamb, 190 Okla. 327, 123 P. 2d 660, this court said and held:

"Negligence comprehends a failure to exercise due care as required by the circumstances of the case; a failure to do what a person of ordinary prudence would have done under the circumstances or the doing of what such a person would not have done under the circumstances."

"When the driver of a motor vehicle, of such a size that it obstructs the view of drivers of vehicles in his rear, of the road ahead, brings his vehicle to a sudden stop in the traffic lane of one of the principal highways of the state, behind a slower moving vehicle, and in front of an automobile traveling behind him, without any signal of his intention to stop, under circumstances from which the jury could reasonably infer that he knew of the presence of such automobile behind him and that he had ample opportunity to slow down gradually to avoid colliding with the vehicle in front, this court cannot hold as a matter of law that such driver exercised due care and that there was an absence of proof sufficient to establish primary negligence.

"Where, although concert is lacking, the separate and independent acts or negligence of several combine to produce directly a single injury, each is responsible for the entire result, even though his act or neglect alone might not have caused it."

As concerns the alleged negligent operation of the gasoline transport truck in this case, the evidence shows close similarity to the facts and circumstances mentioned in the second paragraph above quoted from the Union Transportation case. Herein there is evidence to support a finding that the truck driver did not use due care in

bringing the truck to a sudden stop, with his failure to give warning, in the circumstance of the size of his vehicle and on a busy highway where traffic ahead and behind was reasonably to be expected.

It was shown that the said parked automobile, being operated by the defendant Breno, was parked in the said traffic lane on the highway less than three feet to the right of the center of the road. This in violation of a state statute, 69 O.S. 1941 §583, rule 10, now repealed, but in force at the time of the accident. It is well settled that the failure to perform a statutory duty imposed by a valid statute, under the police power of the state for protection of the public, is negligence per se or negligence as a matter of law. Magnolia Pet. Co. v. Witcher, 141 Okla. 175, 284 P. 297. If the illegally parked automobile, or the defendant Breno's act in so parking the automobile, standing alone, or in combination with acts of others, was a proximate or contributing cause of injury to plaintiff, an essential element of actionable negligence against Breno was presented.

In a consideration of all the evidence, and given its strongest inferences favorable to the plaintiff, there is reason to believe that the acts of the defendant Breno and the truck driver and the driver of the automobile in which the plaintiff was a passenger all combined to produce injury to the plaintiff. In the circumstance that acts of the parties combined to produce injury to the plaintiff, then each of the parties guilty of negligence was responsible for the result produced. Union Transportation Co. v. Lamb, supra. Accordingly, we find that a cause of action against the defendants was shown in the evidence.

We have refrained from a discussion of the evidence as reflecting negligence, if any, of the driver of the plaintiff's car and from any discussion of the doctrine of imputed negligence as might apply to the plaintiff, for the reason that contributory negligence, if any, of the plaintiff, is not an issue of proper consideration by the court in the determination of the defendant's demurrer.

For reasons above set forth, we hold it was error for the trial court to sustain the defendant's demurrer to the plaintiff's evidence. Apparently, the trial court came to the same conclusion as we have reached, and such was the basis for the judgment sustaining the plaintiff's motion for new trial.

The judgment granting new trial is affirmed.

HALLEY, V.C.J., and CORN, JOHNSON, O'NEAL, and BINGAMAN, JJ., concur.