**GULF, COLORADO AND SANTA FE RAIL-
WAY COMPANY, a Corporation,
Plaintiff in Error,**

**v.**

**George Washington BLANTON, Defendant
in Error.**

**No. 36064.**

Supreme Court of Oklahoma.

April 19, 1955.

Rehearing Denied June 7, 1955.

Rainey, Flynn, Green & Anderson, Oklahoma City, for plaintiff in error.

Howard F. Heffron, Harry L. Atkinson, Oklahoma City (John Connolly and Albert D. Lynn, Oklahoma City, on the brief), for defendant in error.

JACKSON, Justice.

George Washington Blanton sued the Gulf, Colorado and Santa Fe Railway Company to recover damages for injuries received while engaged in construction work on defendant's tracks and right of way on its main line south of Cleburne, Texas.

It is stipulated that plaintiff's action is governed by the provisions of the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq.

The only assignment of error presented by defendant (plaintiff in error) is that plaintiff's evidence was ·wholly insufficient to constitute a prima facie case, and that the trial court erred in overruling defendant's demurrer to the evidence, and defendant's motion for a directed verdict. The defendant offered no testimony but stood upon its demurrer to plaintiff's evidence and its motion for a directed verdict.

The record discloses that plaintiff had worked for the defendant for approximately six years and during this period was largely employed as a common laborer in construction work. Sometime prior to July 28, 1952, the date of his injury, the plaintiff had been classified as a machine operator and was in charge of a power-jack used to lift rails. He had never been assigned to operate the machine referred to as the cribber.

The cribber is a heavy machine, designed to remove dirt and gravel from between railway ties upon the roadbed. Its wheels fit the rails of the track and it is moved along the track under its own power. It has rotating blades which remove the dirt and chat between the ties. These blades are located on the front end of the cribber

and are sheltered by a steel hood to prevent dirt and rock from flying upwards and outward. The cribber is operated by an employee seated upon the rear of the machine and in such a position that he can observe the front end of the machine as well as the sides. This is necessary since he must be able to raise and lower the rotating blades, or rotor, between the ties. The movement and operation of the machine is accomplished by the use of levers located near the operator's seat. The digging device or rotor is attached to steel arms which are anchored near the rear end of the machine and extend almost the full length of the machine horizontally along the sides of the cribber. As the arms are raised or lowered they move above and below the steel framework along the side of the cribber, so that the arms and framework form a scissor-like action along the side of the machine.

The plaintiff testified that on July 28, 1952, the defendant's foreman, Larson, told the plaintiff that he had to go after some pins for the cribber machine and instructed plaintiff to see after the machines and get them on the passing track in time to let the Santa Fe Chief pass as it proceeded North. That after plaintiff had instructed a fellow employee to remove an accumulation of chat between two ties he walked up to the cribber which was being operated by Taylor.

Plaintiff further testified that he noticed that the rotary diggers were moving too slow. He looked into the machine and discovered oil pouring out at a union. He concluded that this loss of oil was reducing the oil pressure in the hydraulic line which operates the rotors and motioned for defendant's employee, Evans, who was standing in front of the cribber to come to him.

He further testified that when Evans came around he told Evans to fix the union when the cribber was moved on the siding. That the cribber is a noisy machine when in operation and plaintiff pointed out the oil leak to Evans. As he did so the arm of the machine was raised by Taylor and plaintiff's hand was cut off above the wrist.

The evidence shows that the arm that controls the diggers is down when the machine is digging and the arm has to be raised when the machine is to be moved, or if the rotors are to lose contact with the ground between the ties.

Plaintiff testified that immediately before he was injured he was standing so close to Taylor that he could have reached over and touched him. He believed that Taylor could have reached down and touched him.

The evidence shows that the upper part of plaintiff's body was in plain sight of Taylor while Taylor operated the machine.

On direct examination the plaintiff gave an account of his own movements and Taylor's movements so that the judges of the facts (the jury) might be able to reach conclusions as to who caused plaintiff's injuries. On cross-examination he was asked to determine the cause of his injuries. While his conclusions in this connection would invade the province of the jury, there being no objection, he testified as follows:

"Q. And actually, what caused you to get your hand caught, Mr. Blanton, was the fact that you didn't realize that you were as close to the machine as you were when you started pointing? A. Yes, that would be right. It naturally would. I just dropped it like that in there." * * *

"Q. * * * It was just your own carelessness in not realizing how close you were to the machine. That is right, isn't it? A. Yes, that would be right."

The burden of deciding the question of proximate cause is upon the jury. Chicago, R. I. & P. R. Co. v. McCleary, 175 Okl. 347, 53 P.2d 555.

By their verdict the jury in effect said that Taylor was negligent in raising the arm of the machine while plaintiff was so close to the machine and that plaintiff's injury resulted in part from Taylor's negligence.

A demurrer to plaintiff's evidence admits the truth of all the evidence fa-

vorable to the plaintiff, and admits the existence of all the facts which the evidence, together with all inferences that may reasonably and logically be drawn therefrom, in the slightest degree tends to prove. Roy v. St. Louis-San Francisco R. Co., 153 Okl. 270, 4 P.2d 1038.

Defendant's demurrer to plaintiff's evidence presents no question as to plaintiff's negligence, as the sole question is whether the evidence in any reasonable inference discloses the defendant negligent and that such negligence was the proximate cause of plaintiff's injury. Breno v. Weaver, 208 Okl. 14, 252 P.2d 487.

These rules are likewise applicable upon defendant's motion for a directed verdict.

It is the settled rule that if there is any evidence, including reasonable inferences from which the jury could reasonably find that the plaintiff's allegations of negligence are proven, the judgment thereon will not be reversed. Reed v. Scott, 50 Okl. 757, 151 P. 484.

The Federal Employers' Liability Act, Title 45, § 51 of the U. S. Code insofar as here applicable provides:

"Every * * * railroad * * * shall be liable in damages * * * for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves, or other equipment."

The rights created by the Federal Employers' Liability Act are federal rights protected by federal rather than local rules of law. Bailey v. Central Vermont Ry. Co., 319 U.S. 350, 63 S.Ct. 1062, 87 L.Ed. 1444.

The choice of conflicting versions of the way the accident happened, the decision as to which witness was telling the truth, the inferences to be drawn from uncontroverted facts, are questions for the jury. Ellis v. Union Pacific R. Co., 329 U.S. 649, 67 S.Ct. 598, 91 L.Ed. 572.

As the standard of liability is negligence, the question is what a reasonable and prudent person would have done under the circumstances. Wilkerson v. McCarthy, 336 U.S. 53, 69 S.Ct. 413, 93 L.Ed. 497.

Where there is a debatable issue on which fair-minded men might differ, it becomes a question for the jury. Bailey v. Central Vermont Railway, Inc., supra.

If plaintiff's proof sustains the conclusion that plaintiff's injury resulted in whole or in part from the negligence of the employees of the defendant, then the fact of plaintiff's negligence, if any, only goes to the amount of the recovery. The damages, as the court properly instructed, shall be diminished by the jury in proportion to the amount of negligence attributable to plaintiff. See Title 45 U.S.C.A. § 53. Wilkerson v. McCarthy, supra.

We are unable to say as a matter of law under all the evidence in this case that there was no negligence on the part of the defendant.

Finding no substantial error in the record, the judgment of the trial court is affirmed.

JOHNSON, C. J., WILLIAMS, V. C. J., and CORN, ARNOLD and BLACKBIRD, JJ., concur.

HALLEY, J., dissents.

HALLEY, Justice (dissenting).

I am unable to agree with the majority opinion for the plain reason that no causal connection was established between the defendant's alleged negligence and the plaintiff's injury.

There are only two charges of negligence of the defendant which I can fathom from the majority opinion. The first is that Taylor, the operator of the Cribber, was unskilled in the handling of this machine and second, that Taylor was negligent in raising the arm of the Cribber

while the plaintiff was standing so close to the machine.

As to the first charge of negligence, there is nothing to show that Taylor's operation of the Cribber was unskillful. He was doing the very thing that any operator of the machine would have done. No one testified that he was operating too fast or too slow or that the manner it was being operated would have injured anyone who would keep their hands out of the machinery. There is no evidence that anyone told Taylor to handle the Cribber in any other manner than he did. There was nothing to show that he operated the Cribber in any manner different from what a skilled operator would have done. His lack of skill, if any existed, had nothing to do with the accident.

The remaining question is whether Taylor was negligent in operating the machine with the plaintiff standing near it. Plaintiff's own witness testified that the Cribber was a simple machine to operate. Plaintiff's exhibits, showing a picture of the Cribber, clearly reveals that there was nothing dangerous to a person standing near the Cribber. In order for the plaintiff to receive the injury that he did in this case took positive action on his part. If he had kept his hand away from the moving parts of the machine he would not have been injured. I submit that any reasonable man occupying the position on the machine and having the responsibility of operating it as Taylor did, would never think that a man standing near the machine would stick his hand into a place of danger. Negligence on the part of Taylor did not exist.

The injury in this case was due to the negligence of the plaintiff and his alone. The plaintiff's testimony quoted in the majority opinion shows beyond question that this is true.

Under the Federal Employers' Liability Act, a plaintiff can only recover when it is shown that the defendant was guilty of negligence and that such negligence contributed to or was a proximate cause of the injury of the plaintiff, in whole or in part.

Under said Act, it is possible that a defendant was guilty of negligence and yet the plaintiff may not be entitled to recover because the negligence of the defendant is not shown to have contributed to the accident and is not shown to have been the proximate cause thereof. The case of Gill v. Pennsylvania R. Co., 3 Cir., 1952, 201 F.2d 718, announced the following rule:

"The Federal Employers' Liability Act does not make the employer the insurer of the safety of his employees while they are on duty, but makes the basis of the employer's liability his negligence, not the fact that injuries occur, and his negligence must in whole or in part be the cause of the injury. Federal Employers' Liability Act, § 1 et seq., as amended, 45 U.S. C.A. § 51 et seq.

"The weight of the evidence under the Federal Employers' Liability Act must be more than a scintilla before the case may be properly left to the discretion of the jury. Federal Employers' Liability Act, § 1 et seq., as amended 45 U.S.C.A., § 51 et seq.

"Where evidence in case under Federal Employers' Liability Act is such that without weighing the credibility of the witnesses there can be but one reasonable conclusion as to the verdict, the court should determine the proceeding by non-suit, directed verdict or otherwise. Federal Employers' Liability Act, § 1 et seq., as amended, 45 U.S.C.A. § 51 et seq."

In Fore v. Southern Railway Co., 4 Cir., 1949, 178 F.2d 349, the court said in the Headnotes:

"Under Federal Employers' Liability Act, employer is not an insurer and injured employee can recover only on proof of negligence on part of employer which is proximate cause of injury to employee. * * *

"Weight of evidence under Federal Employers' Liability Act must be more than scintilla before case may be properly left to discretion of trier of fact."

In the body of the opinion, 178 F.2d on page 351, the court said:

"On the other hand, the Supreme Court has made it crystal clear that under the Act the employer is not an insurer and that the injured employee can recover only upon proof of negligence on the part of the employer which is the proximate cause of the injury to the employee. * * *"

Attention is called to the recent decision of this Court in Billy v. Texas, O. & E. R. Co., Okl., 263 P.2d 187, in which this Court announced the correct rule in the first paragraph of the syllabus as follows:

"In a suit for damages for personal injuries, although the defendant may be shown to have been negligent in some manner, yet, unless the negligence so shown was the proximate cause of the injury complained of, no recovery can be had on account of such negligence."

Under the Federal Employers' Liability Act it has been held, and properly so in my judgment, that a railroad is not required to anticipate and guard against unexpected and improbable dangers to employees. Morey v. Maine Central R. Co., 127 Me. 190, 142 A. 585.

Also it has been said that events too remote to require reasonable prevision need not be anticipated. Brady v. Southern Ry. Co., 320 U.S. 476, 64 S.Ct. 232, 88 L.Ed. 239.

In Louisville & N. R. Co. v. Davis, 6 Cir., 75 F.2d 849, it was held error to allow recovery for injuries sustained by an employee where evidence disclosed that employee's negligence was the sole proximate cause of injury notwithstanding employer was also negligent, and employee could not reasonably have anticipated the precise manner in which injury would occur since generally dangerous situation was foreseeable.

Under the above decisions, it was not only necessary for the plaintiff to prove that the defendant was guilty of negligence, but also that such negligence contributed to and was the proximate cause of the plaintiff's injury. There is no testimony to show that any act on the part of the defendant was the proximate cause of plaintiff's injury or established a causal connection between alleged negligence of defendant and plaintiff's injury. Atchison, T. & S. F. R. Co. v. Saxon, 284 U.S. 458, 52 S.Ct. 229, 76 L.Ed. 397. Plaintiff admitted that his injury was the result of his own carelessness. His honesty is commendable and his misfortune elicits sympathy, but under the facts before us, I am unable to agree that the evidence warranted the court in submitting the issue of negligence to the jury. For these reasons, I respectfully dissent.